**William Pinkney McLEAN, Appellant,**

v.

**STATE of Texas, State.**

**No. 2–81–172–CR.**

Court of Appeals of Texas,
Fort Worth.

June 30, 1982.

On Rehearing Aug. 11, 1982.

Discretionary Review Refused
Nov. 10, 1982.

Tom E. Hill, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and James J. Heinemann, Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, BROWN and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

This appeal is from a jury conviction for terroristic threat, a Class A misdemeanor. V.T.C.A. Penal Code 22.07(a)(3). The jury assessed punishment of one year in county jail, probated, and a five hundred dollar fine. We reverse and remand, with instructions.

We agree with appellant's contention that the State did not comply with the Speedy Trial Act, and that his motion to dismiss the indictment should be granted.

The Act required the State to be prepared for trial within 90 days of the commencement of the criminal action against appellant. V.A.C.C.P. art. 32A.02, sec. 1(2).

The action began December 2, 1980, when appellant was arrested, and was first set for pretrial conference more than 90 days later. At the first pretrial hearing, March 18, 1981, appellant filed a motion to dismiss the indictment because the State had not complied with the Speedy Trial Act.

Although the date stamp affixed by the court clerk is not clear, the State's initial announcement of "ready" was filed on either March 18 or 19. The announcement was a prima facie showing of compliance with the Act. *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App.1979).

*Barfield* made clear, however, that a defendant may rebut the State's prima facie readiness with evidence that the State was not actually prepared for trial within the time required by the Act. That evidence may be from any source, including cross-examination of those responsible for preparing the State's case for trial, and

may consist of evidence that the State did not have a key witness available, so that the State was not prepared to try the case.

■ At the hearing of appellant's motion to dismiss, March 26, 1981, four assistant district attorneys testified.

The first was the assistant who prepared the case for its presentation to the grand jury. She testified that from the date she presented the case to the grand jury, within the applicable 90 days, the State would have been ready for trial. However, she was not one of the prosecutors assigned to try cases in the court during the pendency of the case against appellant.

The first trial prosecutor testified that during the time he was assigned to try cases in the court below, he was unaware there was a case pending against appellant, did not read the file, and had no information as to the identity or availability of witnesses in the case.

The second prosecutor testified that, during his tenure in the court, he was never assigned to try this case and had not been prepared to do so.

The third prosecutor testified that as of March 18, 1981, he had never read the case file and conceded that it would have been "difficult, if not impossible" to have prosecuted the case under that circumstance.

After the hearing, the court denied the motion to dismiss, and the case was tried to a jury.

We sustain appellant's ground of error and hold that the evidence sufficiently rebutted the State's prima facie readiness by showing that the State was not prepared to try the case within the time required by law.

■ By enacting the Speedy Trial Act, the Legislature has imposed upon the State a duty to be ready for trial within the applicable time. When a defendant challenges the State's actual readiness and shows it to be lacking, the statute grants him the right to have the charges against him dismissed.

Judgment is reversed, and the indictment is ordered dismissed and the appellant discharged.

## OPINION ON MOTION FOR REHEARING

Both in its original brief and motion for rehearing, the State argues that, aside from the prosecutors assigned to the court in which the appellant was tried, the district attorney's staff had other members who would have been ready to try the case if it had been assigned to them. It was not.

Assistant district attorney Pam Moore testified that her work in preparing the case for presentation to the grand jury was sufficient for the State to be ready for trial in the courtroom. She had previous experience as a prosecutor, but while this case was pending she was assigned to the grand jury and not to the trial of the case.

The State contends that an assistant district attorney who presents a case to a grand jury should be viewed as the prosecutor who is "ready for trial", thus making the State "ready" within the meaning of the Speedy Trial Act. That theory, however, would render the Act meaningless from the standpoint of an indicted defendant, for every indictment would connote "readiness" by the State.

The State's motion argues that all of its staff prosecutors are ready to try a case as soon as the grand jury returns an indictment. The administrator in charge of the district attorney's trial section testified in support of that argument.

The trial of the case, however, was neither the function nor assignment of the administrator or the assistant district attorney who presented the matter to the grand jury.

The prosecutors whose function and duty was to try the case in the courtroom testified that they were not prepared to do so as of the time appellant claimed his rights under the Speedy Trial Act. It is those prosecutors whom the Act requires to be ready; not other staff members or administrators who theoretically might have been

ready if only they had been given the assignment.

Appellant was arrested December 2, 1980. On December 5, he was charged with possession of prohibited weapons, a felony. Instead of a pistol and container of gasoline, the "weapons" were a toy water pistol and container of water, requiring the State to abandon the felony charge. A new indictment was obtained January 27, 1981, alleging only a Class A misdemeanor, terroristic threat.

Since both the felony and misdemeanor charges arose out of the same transaction and appellant was detained in custody prior to the filing of either charge, the criminal action against him *commenced* at the time of his arrest. Art. 32.A.02, Sec. 2.(a).

Once a criminal action has commenced, Section 1 of the Act requires the State to be ready for trial within:

(1) 120 days if the defendant is accused of a felony;

(2) 90 days if accused of a Class A misdemeanor;

(3) 60 days if accused of a Class B misdemeanor.

The State's motion for rehearing reasons that the time period applicable to any case depends upon the category of the charge against the defendant when the criminal action *commences*; not the category of charge upon which the defendant is to be tried and from which he seeks relief under the Speedy Trial Act. We do not ascribe that intent to the Act.

 A significant purpose of the Act is to establish a means by which a defendant may obtain dismissal of the charges *on which the State seeks to try him*, if the State is not ready within the time prescribed. Since the target of a "speedy trial dismissal motion" is the indictment, information, or complaint under which the defendant is accused, we do not construe his rights as being dependent upon charges previously abandoned and on which the State never sought a trial.

This court concluded that each of the time periods prescribed in Section 1 of the Act pertains only to the indictment, information, or complaint on which the State seeks to try the case at the time the defendant asserts his right to speedy trial; not those previously dismissed or abandoned by the State.

In the instant case, the State sought trial on a Class A misdemeanor charge. The 90-day time period was applicable.

The motion for rehearing is overruled.