Harley Stephen
**BALLENGER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–83–629–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 19, 1984.

Discretionary Review Granted
Feb. 27, 1985.

H.L. Stu Stewart, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before PAUL PRESSLER and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Harley Stephen Ballenger, appeals from a judgment of conviction of the offense of driving while intoxicated. Appellant entered a plea of not guilty and proceeded to trial by jury. The jury found him guilty and assessed a punishment of 730 days confinement in the Harris County jail, which was probated for two years and a fine of $500.00.

In his only ground of error, appellant claims that the trial court erred in denying appellant's motion to set aside the complaint pursuant to Tex.Code Crim.Proc. Ann. art. 32A.02 (Vernon Supp.1984) (Speedy Trial Act). We find that the trial judge abused his discretion in finding that the State complied with the requirements of the Speedy Trial Act; therefore, we reverse the judgment of the trial court.

Appellant was arrested on December 23, 1982, and charged with the offense of driving while intoxicated. The first setting, for arraignment, was December 30, 1982. On that day, appellant appeared, entered a plea of not guilty, and signed an agreed reset form to reset the case for trial on March 2, 1983. The State dismissed its case on March 2, because its only witness was unavailable. The witness was in surgery for injuries sustained when appellant struck her with his car. The prosecutor told appellant's attorney that the case would be refiled the next day or shortly thereafter. His attorney was telephoned when the case was refiled on March 4, 1983.

Beginning on June 9, 1983, the Harris County Sheriff made four attempts to arrest appellant at his home. The last attempt was on June 14, 1983, the same day appellant came in to make bond on the second information. At his appearance on June 21, 1983, appellant agreed to reset the cause to August 24, 1983.

The State filed announcements of ready for trial on June 21, 1983 and July 27, 1983. On August 24, 1983, the trial was continued for one day because appellant's attorney was in another trial. On that day, appellant's attorney filed a Motion to Dismiss based on a violation of the Speedy Trial Act. The motion was later denied after a hearing before the court. The trial was continued daily until September 6, 1983, when it was finally tried.

Through his sole ground of error, appellant asserts that 187 days elapsed from the date of appellant's arrest until the date the State filed a written announcement of ready and 244 days elapsed from the appellant's arrest until the date set for trial. Appellant claims that only one day is ex-

cluded from the time period. Specifically, he asserts March 3, 1983 is excluded since the charge was dismissed and the same offense was refiled one day later. Tex. Code Crim.Proc.Ann. art. 32A.02, sec. 4(7).

The State asserts that it has met its burden under the Speedy Trial Act. The State claims that there are three applicable exclusions under the Speedy Trial Act: art. 32A.02, Sec. 4(3), Sec. 4(5), and Sec. 4(7). These exclusions would apply to the agreement to reset trial, the absence of the witness, and the dismissal and refiling of the charge.

The state has 90 days after the commencement of a criminal action to announce ready for trial if the defendant is accused of a misdemeanor punishable by a sentence of imprisonment for more than 180 days. Tex.Code Crim.Proc.Ann. art. 32A.02, Sec. 1(2). A criminal action commences when an information is filed against a defendant. Tex.Code Crim.Proc. Ann. art. 32A.02, Sec. 2. The criminal action commenced against appellant on December 23, 1982, the date on which he was charged with the offense of driving while intoxicated.

■ After the charge, seven days elapsed until the defendant entered an agreement to reset the case for trial. Those seven days are charged to the State. However, the time between December 30, 1982 and March 2, 1983, cannot be counted against the State. Tex.Code Crim.Proc. Ann. art. 32A.02, Sec. 4(3) provides for an exclusion of a period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel. In this instance the continuance was granted with the written consent of appellant.

Both parties agree that Tex.Code Crim. Proc.Ann. art. 32A.02, Sec. 4(7) would exclude March 3, 1983 from the time running against the State. Section 4(7) excludes a period of time where:

> the charge is dismissed upon motion of the state or the charge is disposed of by a final judgment and the defendant is later charged with the same offense or

another offense arising out of the same transaction, the period of delay from the date of dismissal or the date of the final judgment to the date the time limitation would commence running on the subsequent charge had there been no previous charge.

The record shows that the charge was dismissed on March 2, 1983 by motion of the State and appellant was later charged with the same offense refiled on March 4, 1983. We must exclude one day from the time period. The dismissal was caused by the unavailability of the State's witness. It is unnecessary to discuss exclusion under Sec. 4(6)(A), which applies when State witnesses are unavailable, because the time has already been excluded under Sec. 4(7).

■ The State has failed to show an exclusion under Tex.Code Crim.Proc.Ann. art. 32A.02, Sec. 4(5) which provides for exclusion of:

> a period of delay resulting from the unavailability of the defendant whose location is known to the state but whose presence cannot be obtained by due diligence or because he resists being returned to the state for trial.

We find that due diligence on the part of the State was lacking. The information was refiled and a warrant which contained appellant's correct address was issued for appellant's arrest on March 4, 1983. The first attempt by the State to serve the warrant on appellant was not made until June 9, 1983, over ninety days from the refiling of the case.

The Court of Criminal Appeals considered the question of due diligence under Tex.Code Crim.Proc.Ann. art. 32A.02, Sec. 4(5) in *Lyles v. State*, 653 S.W.2d 775 (Tex. Crim.App.1983). In *Lyles*, for unknown reasons, the sheriff rejected the appellant's surety bond. The State made no further efforts to obtain another warrant or to take any action to obtain the presence of the appellant within 90 days. The court held that the delay could have been avoided "by simple means, not requiring any strenuous exercise of due diligence by the

state." The court concluded that securing the presence of the appellant was a burden which fell upon the prosecution and that it failed to meet that burden. *Lyles*, 653 S.W.2d at 779.

In our case, the State failed to meet its burden under the Speedy Trial Act. The delay could have been avoided if the attempts to serve the warrant had started sooner. More than 90 days had passed before the State ever attempted to serve appellant with a warrant.

In *Beddoe v. State*, 681 S.W.2d 114, (Tex. App.—Houston [14th Dist.] 1984), this court held that the State failed to discharge its burden of showing an exclusion under Tex. Code Crim.Proc.Ann. art. 32A.02, Sec. 4(4), which requires due diligence if the state is requesting an exclusion of time in a situation where the defendant is absent because his location is unknown. In *Beddoe*, there was no attempt to serve the warrant. In fact, the Sheriff's Department merely entered the warrant information into its computer.

In our case, as in *Beddoe*, there was no attempt to serve the warrant during the relevant time period. Section 4(5) requires due diligence where the defendant's location is known. We would expect a stronger showing of due diligence where the defendant's location is known and Sec. 4(5) applies. The State has failed to show due diligence that would satisfy Sec. 4(5). Because of the failure of the State to comply with the Speedy Trial Act, we reverse the judgment of the trial court and order prosecution dismissed.

ROBERTSON, J., did not participate.