David Wayne HOFFMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–84–446–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 28, 1985.

I. Nelson Heggen, Houston, for appellant.

Miguel Martinez, Galveston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a conviction for burglary of a building. The appellant waived his right to trial by jury, pled nolo contendere and was sentenced to four years confinement in the Texas Department of Corrections. In a two-pronged single ground of error, appellant alleges the trial court erred in denying his motion to dismiss for failure to provide a speedy trial in accordance with the Speedy Trial Act, TEX.CODE CRIM.PROC.ANN. art. 32A.02, § 1(1) (Vernon Supp.1985). We agree, and reverse and remand.

The appellant was arrested on October 26, 1983, for the offense of burglary of a building and has remained in custody since that time. An examining trial was held November 16. The indictment was returned on December 16, 1983; and on the same date, the assistant district attorney presenting the case to the grand jury filed a written announcement of ready. The case first appeared on the docket on February 21, and was set for trial February 24, 1984, but was not reached. On February 27, appellant filed a pro se Motion to Dismiss based on the Speedy Trial Act. The case was then set on the March 16 trial docket and assigned for trial March 19. On March 16 appellant's attorney filed a Motion to Dismiss the indictment for failure to provide a speedy trial. The state was not ready to go to trial on March 19 because the assistant district attorney assigned to the case was in the process of moving his belongings to Galveston. The Motion to Dismiss was heard on April 6 and denied on May 2. Appellant was arraigned on May 17 and pled nolo contendere while specifically reserving the right to appeal his contention that the state violated the Speedy Trial Act.

The Speedy Trial Act provides that the trial court shall grant a motion to set aside an indictment if the state is not ready for trial within 120 days of the commencement of a felony action. The appellant alleges that the state was in violation of art. 32A.02 because on March 19, 1984, 145 days after the appellant's arrest, the state was not ready for trial.

Appellant also asserts the state could not have been ready within the statutory period because the indictment was not served on appellant until April 10, 1984, 167 days after arrest. Since trial may not proceed until the appellant has been arraigned, which can not occur until at least two days after the indictment is served on the appellant, the state could not have been ready for trial within the 120 day period. *See* TEX.CODE CRIM.PROC.ANN. arts. 25.01, 25.02, 26.03 (Vernon 1966).

The threshold standard for dismissal under the Speedy Trial Act, i.e. "the state is not ready for trial," refers to the preparedness of the prosecution for trial and does not encompass the trial court and its docket. *Barfield v. State*, 586 S.W.2d 538, 541 (Tex.Crim.App.1979). Thus the Act addresses itself to prosecutorial delay rather than the judicial process as a whole.

*Id.* Once the defendant files his motion to dismiss for failure to adhere to the Speedy Trial Act, the state must declare its readiness for trial *then* and at all times required by the Act. This declaration is a prima facie showing of conformity with the statute but can be rebutted by any evidence demonstrating that the state was not ready for trial during the 120 day time limit *and* at the time appellant filed his Motion to Dismiss. *Id.*

Richard Crowther, the prosecutor to whom the case originally was assigned, testified that while he had the case the state was ready at all times to proceed to trial. Crowther left the district attorney's office on February 29, 1984. Douglas Yancy, the next assistant district attorney assigned to try the case, testified that he received the case file shortly after starting to work for the district attorney's office on March 12, 1984. He testified that he would not have been able to try the case the week of March 19 because he was out of town and in the process of moving to Galveston. There is no evidence in the record to indicate that the case was not reached on March 19 for any reason other than Yancy's absence. More importantly, there is no proof in the record before this court that the state announced ready on March 16 when appellant filed his Motion to Dismiss as required under *Barfield.*

■ The state argues that a prima facie showing of readiness within the statutory period was not rebutted by the appellant. However, it is the prosecutor whose function and duty it was to try the case as of the time the appellant claimed his rights under art. 32A.02 whom the statute requires to be ready, not other staff members who theoretically might have been ready had they been given the assignment. *McLean v. State,* 638 S.W.2d 124 (Tex.App. —Fort Worth 1982, pet. ref'd).

■ Crowther testified that the written announcement of ready filed on the date of indictment was filed by the assistant district attorney who presented the case to the grand jury. He further testified the practice followed by the district attorney's office was to get the announcement of ready on the record at time of indictment to avoid a Speedy Trial Act problem. It is significant to note that the assistant making the announcement is not the assistant who will take the case to trial. Crowther further testified that up to 150 cases may be set on a Friday docket call for the following Monday's trial docket; and when the state initially announces ready, that announcement is "good forever." However, when the state is unable to proceed to trial on March 19 because the prosecutor is out of town, how can the announcement be "good forever"? We find it to be hollow and meaningless to announce ready for trial when in truth and in fact they are not. Mr. Yancy came to work on March 12 and was handed this file along with others. He left town sometime before March 19 and was not available for trial that entire week. The state indicated the case was so simple any assistant could have taken it to trial without preparation, but no one did. The Act was violated when the state did not announce ready on March 16 when appellant filed his Motion to Dismiss, and when no assistant district attorney was ready to take this case to trial on March 19, 1984, 145 days after appellant's arrest.

We hold that the appellant sufficiently rebutted the state's prima facie showing of readiness. Ground of error one is sustained. We need not consider appellant's contention concerning the lack of service of the indictment within the statutory time limit.

We reverse and remand to the trial court with instructions to dismiss the indictment pursuant to art. 32A.02.