Oscar Aldape LUNA, Appellant,

v.

STATE of Texas, Appellee.

No. 13–85–379–CR.

Court of Appeals of Texas, Corpus Christi.

April 24, 1986.

Rehearing Denied May 15, 1986.

Robert Ralson, McAllen, for appellant.

Rene Guerra, Dist. Atty., Edinburg, for appellee.

Before BENAVIDES, UTTER and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

A jury found appellant guilty of assault, a Class A misdemeanor under TEX. PENAL CODE ANN. § 22.01(a)(1) (Vernon 1974). Punishment was assessed at 90 days in jail and a $250.00 fine. The jail term was probated for one year.

In his sole ground of error, appellant contends that the trial court erred in denying his motion to dismiss for the State's noncompliance with the Texas Speedy Trial Act. TEX.CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Pamphlet Supp.1986).

The criminal action began on January 24, 1985, when a complaint was filed against appellant. Pursuant to art. 32A.02, Sec. 1(2), the State was required to be ready for trial within 90 days. The ninetieth day was April 24, 1985.

The State filed a written announcement of ready on April 17, 1985. Thus, the State's initial announcement of ready fell within the statutory time period. In such instances, the burden falls on the accused to rebut the State's announcement

of ready for trial. *Smith v. State*, 659 S.W.2d 828 (Tex.Crim.App.1983); *Barfield v. State*, 586 S.W.2d 538 (Tex.Crim.App. 1979).

Appellant filed his motion to dismiss for failure to provide a speedy trial on June 18, 1985. Appellant's motion was heard and denied on June 28, the same day the case proceeded to trial.

At the hearing on the motion to dismiss, appellant called Felix Ramos, the State's attorney assigned to prosecute the case. According to Ramos, he first examined the file on this case on May 2, 1985. Ramos testified that the case was "looked at by our other assistants" prior to May 1, 1985 and that "[w]e were ready as of the date of the filing of the complaint and information." He conceded, however, that "as a literal fact," he personally was not ready on this particular case prior to May 1, 1985.

Appellant relies principally upon *Hoffman v. State*, 687 S.W.2d 495 (Tex.App.—Houston [14th Dist.] 1985, rev. granted), and *McLean v. State*, 638 S.W.2d 124 (Tex. App.—Fort Worth 1982, pet ref'd), for the proposition that Felix Ramos had to be ready to try the case within the statutory time period.

*Hoffman* and *McLean* state that it is the prosecutor's function and duty to try the case and he must be ready and "not other staff members or administrators who theoretically might have been ready if only they had been given the assignment." *Hoffman*, 687 S.W.2d 497 (citing *McLean*). Appellant uses this language to argue that Felix Ramos, as the prosecutor ultimately assigned to try the case, had to be personally ready to try the case within the statutory period. We disagree with appellant's contention, and do not find support for such a contention in either *Hoffman* or *McLean*. In *Hoffman*, the prosecutor to whom the case was originally assigned testified that he was ready at all times while he had the case, but that he left the district attorney's office prior to trial. The next assistant district attorney assigned to the case testified that he received the case shortly after starting to work for the dis-

trict attorney's office, about two weeks after the first prosecutor had left the office. When the case was first called for trial, the State was *not ready* because the new prosecutor was out of town. *Hoffman*, 687 S.W.2d at 497. Thus, in *Hoffman*, the record showed that indeed the State was not ready to proceed to trial when the case was called.

In *McLean*, the accused filed a motion to dismiss the prosecution on March 18, 1981, 15 days after the expiration of the statutory period, and the State filed its initial announcement of ready on March 18 or 19. *McLean*, 638 S.W.2d at 125. At a hearing on the motion on March 26, four assistant district attorneys who had been assigned the case testified that they were not ready for trial as of March 18. The State argued on appeal that the district attorney's staff had other members who would have been ready to try the case if it had been assigned to them. The Fort Worth Court of Appeals noted that the case was not assigned to any other prosecutor and that it was the duty of the prosecutors assigned to the case to be ready. *McLean*, 638 S.W.2d at 126. Thus, in *McLean*, the accused showed that the prosecutors were not ready to try the case at the time he filed his motion to dismiss.

In the present case, appellant has shown only that Felix Ramos was not ready to try the case prior to May 1, 1985. Since the State filed an announcement of ready within the statutory time period, it was appellant's burden to show that the State was not ready for trial within the required period. Appellant has simply failed to show that other prosecutors who were responsible for the case prior to May 2, 1985 were unprepared. If we were to agree with appellant's argument that the prosecutor assigned to ultimately try the case must be personally prepared on the case within the statutory period, the State would be unduly hampered in its administration and would be unable to reassign cases among its attorneys. Although Ramos, in his testimony, failed to specify which assistants were actually ready, he did indicate that other assistants had looked at the case and were

ready. It was appellant's burden to rebut this, which he failed to do.

The judgment of the trial court is AFFIRMED.