**Stanley Carl ORN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–86–198–CR.**

Court of Appeals of Texas,
Austin.

March 25, 1987.
Rehearing Denied April 22, 1987.

Mike Berg, Lockhart, for appellant.

Jeffrey Van Horn, Crim. Dist. Atty., Lockhart, for appellee.

Before SHANNON, C.J., and BRADY and ABOUSSIE, JJ.

ABOUSSIE, Justice.

Appellant was charged by complaint and information in the county court with the offense of driving while intoxicated, second offense. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1(d) (Supp.1987). Appellant was found guilty by the court of the offense as charged, and was assessed punishment at 180 days in jail and a $500 fine.

Pursuant to Tex.Code Cr.P.Ann. art. 44.-02 (1979), appellant brings this appeal on the sole point that the court erred in overruling his motion to dismiss the information on the basis he had been denied his rights under the Speedy Trial Act. Tex.Code Cr.P.Ann. art. 32A.02 (Supp.1987). We will sustain appellant's point of error, and grant relief in accordance with this opinion.

Appellant was arrested December 5, 1985, for the offense of driving while intoxicated. On March 24, 1986, appellant was charged by complaint and information with the misdemeanor offense of driving while intoxicated, second offense. Appellant's motion to dismiss the charges against him on the basis the State had not complied with the provisions of art. 32A.02 was overruled.

Appellant contends that because more than ninety days elapsed between his arrest and the filing of the information, he was denied a speedy trial on his misdemeanor charge. Tex.Code Cr.P.Ann. art. 32A.02, § 1(2) (Supp.1987). The State responds that the Speedy Trial Act is unconstitutional, that certain days should be excluded in computing the time, thus bringing the date of filing and State's announcement of ready within the provisions of the Act, and finally that the action did not

commence until the information and complaint were filed.

The record reflects on its face that the information was not filed within 90 days of appellant's arrest. The State concedes that this would be a violation of the Speedy Trial Act, absent one of the excuses urged in its brief.

■ The State argues first that the Speedy Trial Act is unconstitutional, because it violates the separation of powers doctrine set out in Art. II, § 1 of the Texas Constitution, by permitting the Legislature to encroach upon the duties of the judicial officers concerned. The State cites no authority for this proposition, other than a thoughtful 1979 concurring opinion,[1] despite the fact that the Court of Criminal Appeals has addressed various provisions of the Act in numerous opinions. The State does not have unlimited discretion in prosecuting the accused. Criminal defendants are guaranteed a speedy public trial by the Sixth Amendment to the United States Constitution and by Article I, § 10 of the Texas Constitution. The Speedy Trial Act merely defines what may be considered reasonable delay.

The State further argues that certain periods of time should be excluded prior to the filing of the complaint and information which would then bring the matter within the statute.[2]

■ While the State argues that the delay was justified due to extensive investigation generally required in these cases to uncover and gather the evidence necessary to prove prior offenses, the facts are undisputed that in appellant's case, the prosecutor received a referral from the Department of Public Safety on December 11, 1985; that information on appellant's criminal record was not requested until January 6, 1986; that the "rap sheet" was received January 8, 1986; and that certified copies of the McLennan County conviction later alleged as his prior conviction were received by the prosecutor on January 10, 1986.

The State also argues that it was awaiting additional information before deciding the various offenses with which appellant could be charged. However, the evidence the prosecutor deemed necessary to charge appellant for the offense of which he was ultimately charged and convicted was within the prosecutor's control within 36 days from the date of the offense. This Court cannot be concerned on appeal with other charges which might have been filed, or with the State's prosecution procedures in general. While the State may not have had all the evidence it desired, it had evidence to charge and convict appellant of driving while intoxicated, second offense.

Since the State had within its control evidence sufficient to prosecute appellant, its argument necessarily implies that the State was attempting to obtain evidence outside its control which would permit the filing of other or more serious charges. It is a felony offense to drive while intoxicated, having two or more prior, final convictions. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1(e) (Supp.1987). The prosecutor testified that he also had received certified copies of appellant's prior felony conviction in Travis County in his office by January 24, 1986, forty-two (42) days after appellant's arrest. The prosecutor indicated that he considered the Travis County felony conviction "usable as an enhancement" and admitted, "Why I did not allege it as such in this case, I do not know; because I certainly have on prior occasions." Whether or not legally sufficient, by January 24, 1986, the State possessed evidence the prosecutor deemed sufficient to prosecute this appellant for the maximum offense with which he could be charged, but never was.

The appellant's "rap sheet" further reflected two DWI probations in 1973 and 1976, both Travis County misdemeanor

---

**1.** Concurring opinion of Judge Sam Houston Clinton in *Ordunez v. Bean,* 579 S.W.2d 911 (Tex.Cr.App.1979).

**2.** Tex.Code Cr.P.Ann. art. 32A.02 § 4(10) (Supp. 1987) provides that in computing the time by which the State must be ready for trial, reasonable periods of delay justified by exceptional circumstances can be excluded.

charges. The State also requested that certified copies of these documents be mailed from the Travis County Clerk on two occasions, the last being January 16, but that the information was never received. It was this information the State asserts was necessary for its investigation and justified the delay in the charging process.

Even if true, the State admits those offenses could not have been used to elevate appellant's 1986 offense to felony status, unless a probation had been revoked and become a final conviction. Even if such had occurred, their purpose, if any, could only have been to charge appellant using different or additional prior offenses or to persuade on punishment in the event appellant were convicted of a new offense. The 1973 and 1976 Travis County misdemeanor charges, even if final convictions had resulted, were not necessary according to the prosecutor's testimony to charge appellant with felony DWI or any lesser offense. In other words, the State had evidence to charge appellant with DWI, second offense, as it later did, or to take the matter to the grand jury and attempt to obtain a felony indictment. Instead, the State elected to do neither.

■ The existence of a charging instrument is one element of the State's claim of preparedness. The State cannot be ready for trial until an indictment or information is filed upon which the State can announce ready. *Kernahan v. State,* 657 S.W.2d 433 (Tex.Cr.App.1983); *Pate v. State,* 592 S.W.2d 620 (Tex.Cr.App.1980). The Speedy Trial Act addresses itself to prosecutorial delay. *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App.1979). Since the charge was not filed until more than ninety days after arrest, the State was not ready within the time required. Cases excluding reasonable periods of delay justified by exceptional circumstances fall mainly into categories involving court delays or other delays outside and beyond the control of the prosecutor. *Lloyd v. State,* 665 S.W.2d 472 (Tex.Cr.App.1984).

In *Lloyd,* the State argued that the period while awaiting lab analysis of evidence should be excluded. The court held this evidence was within the control of the prosecutor, the State failed to charge the defendant based on the information it had available, and the excuses for delay were not exceptional. As in *Lloyd,* the State in the present case knew what evidence was available by the statutory deadline, and was in a position to decide whether to prosecute appellant and if so on what grounds.

■ The State complains that under the Act, the State cannot timely file a misdemeanor charge, announce ready for trial, and then proceed with a felony charge *more* than 120 days after the date of arrest. *Luedke v. State,* 711 S.W.2d 657 (Tex.Cr.App.1986). While that is correct, the State can file a misdemeanor charge within 90 days, announce ready for trial, and then proceed to prosecute a felony charge *within* 120 days after arrest if its continued investigation so justifies. Tex. Code Cr.P.Ann. art. 32A.02, § 1(1) (Supp. 1987). As observed by the Court in *Lloyd,* the prosecutor controls the investigation of cases, the presentation of cases to the grand jury, and which prior convictions to allege. The State seems to argue that DWI investigations are of such a different nature that they should be exempt from the Speedy Trial Act provisions or at least that investigative delay in these cases should be deemed reasonable and at the same time exceptional. In appellant's case, however, the State was not required to rely on the county clerk to furnish information but instead chose to do so rather than take affirmative measures to obtain the records itself. It is the exact delays described in *Lloyd* and present in appellant's case which the Act seeks to control.

Finally, the State argues that the Speedy Trial Act does not bar suit against appellant, because the action against him was not commenced until the charges were filed in court. The State's reliance on *Luedke v. State, supra,* is misplaced.

In *Luedke,* the defendant was arrested and charged with misdemeanor driving

while intoxicated. He filed a speedy trial waiver. More than 120 days after his arrest, the State attempted to file a felony indictment, claiming the defendant's waiver applied to all possible charges against him.

Following its reasoning in *Gant v. State,* 606 S.W.2d 867 (Tex.Cr.App.1980), the Court of Criminal Appeals held that each offense which can be charged is a separate offense requiring pleading and proof of different elements of guilt, not merely enhancement proof as to punishment. Speedy trial waiver as to the offense the State elected to charge, therefore, did not constitute a waiver as to another offense which could have been charged.

The State relies upon *Luedke* to support its proposition that appellant was arrested only for the offense of driving while intoxicated, since the officer at the scene had no knowledge whether prior convictions existed. Because he was never arrested for driving while intoxicated, subsequent offense, the arrest could not commence the action.

■ Texas Code Cr.P.Ann. art. 32A.02, § 2(a) (Supp.1987) provides that a criminal act commences when the complaint and information are filed with the court, unless first the defendant is detained or released on bail "to answer for the same offense *or any other offense arising out of the same transaction in which case the action commences at the time of arrest.*" (emphasis added). Consistent with the statute, the Court in *Luedke* held that while misdemeanor and felony acts of driving while intoxicated are separate offenses with different elements for purposes of charge and proof of guilt, they are committed and arise out of the same transaction, so that one arrest commences the time for each for purposes of speedy trial. *Luedke* at 659.

Appellant is entitled to relief under the provisions of Tex.Code Cr.P.Ann. art. 32A.02 (Supp.1987). The judgment of the trial court is reversed, the information is ordered dismissed, and appellant is discharged under the terms of the Speedy Trial Act. Tex.Code Cr.P.Ann. art. 28.061 (Supp.1987).