Alvin A. JEFFERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 0327–85.

Court of Criminal Appeals of Texas,
En Banc.

May 11, 1988.

William R. Copeland, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and Matthew Dekoatz, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., and Alfred Walker, First Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

A jury convicted appellant of committing the offense of felony theft, and also assessed punishment at four years' imprisonment and a fine of $5,000.00. The El Paso Court of Appeals, in an unpublished opinion, sustained appellant's single point of error which alleged that the trial court should have granted the appellant's motion to dismiss the indictment under the Speedy Trial Act, Article 32A.02, V.A.C.C.P. *Jefferson v. State* (Tex.App.–El Paso, No. 08–84–00096–CR, delivered January 30, 1985).

We granted the State's petition for discretionary review, which alleges that the Speedy Trial Act is unconstitutional because (1) the Act is vague; (2) the Act violates the separation of powers doctrine; and (3) the caption to the Act is defective.

A majority of this Court recently declared Article 32A.02, supra, unconstitutional and void in its entirety. *Meshell v. State*, 739 S.W.2d 246 (Tex.Cr.App.1987). The holding in *Meshell* announced that by enacting the Speedy Trial Act the Legislature had violated the separation of powers doctrine under Article II, § 1 of the Texas Constitution. Meshell's motion for leave to file a motion for rehearing was denied November 4, 1987. An unconstitutional statute is void from its inception and cannot provide a basis for any right or relief. See

12 Tex.Jur.3d, *Constitutional Law,* § 41, at 548 (and cases in n. 33 thereof). Furthermore, the caption issue has been rendered moot, since Article III, § 35, was recently amended to make the Legislature solely responsible for complying with caption requirements. See *Baggett v. State,* 722 S.W.2d 700, 702 (Tex.Cr.App.1987); *Meshell,* supra, at 251.

The judgment of the Court of Appeals is reversed and the cause remanded to that court for consideration of appellant's remaining points of error.

McCORMICK and WHITE, JJ., concur in the result.

DUNCAN, Judge, dissenting.

The majority reverses the holding of the court of appeals which sustained the appellant's complaint that the trial court erred in failing to dismiss the indictment pursuant to the Texas Speedy Trial Act, Art. 32A.02, V.A.C.C.P. The basis of the majority's opinion is *Meshell v. State,* 739 S.W.2d 246 (Tex.Cr.App.1987), which held that Art. 32.-02A, *supra,* was unconstitutional and void in its entirety as it violated the Separation of Powers provision of the Texas Constitution as set out in Article II, § 1. I dissent.

Contrary to the majority's conclusion, however, the issue in this case is not whether the appellant should gain a benefit from a statute that has been declared unconstitutional. I readily concede that since Art. 32A.02, *supra,* was declared unconstitutional it *ab initio* conferred no rights or afforded no protection which appellant can now assert. Rather, the question is whether the State complied with the Rules of Appellate Procedure which have been mandated by this Court. The appellate record in this case reveals that the State in the court of appeals did not claim that the Texas Speedy Trial Act was unconstitutional for any reason, let alone a violation of the doctrine of separation of powers. Instead, the State answered appellant's contentions on the merits asserting that it had complied with the dictates of the Speedy Trial Act, *supra,* by filing in a timely fashion its announcement of ready, and any delay was justifiably excused because of

the trial court's congested docket, citing *Barfield v. State,* 586 S.W.2d 538, 542 (Tex.Cr.App.1979). In addition, and just as a collateral observation, no motion for rehearing is in this record, and the clerk of the court of appeals does not indicate in its letter of transmittal of the record that such a motion for rehearing was filed. Nevertheless, the State in its petition for discretionary review, for the first time seeks to overturn the decision of the court of appeals on the basis that the Speedy Trial Act violated the Separation of Powers doctrine.

As Judge Campbell noted in *Angel v. State,* 740 S.W.2d 727, 729 (Tex.Cr.App. 1987), our State Constitution limits this Court's "discretionary appellate power to review of 'a decision of a Court of Appeals in a criminal case as provided by law.' Tex. Const. art. V, § 5...." This constitutional provision was acknowledged when this Court adopted the Texas Rules of Appellate Procedure. Rule 202(a), Tex.R.App. Pro., provides as follows:

> The Court of Criminal Appeals may review a decision of a court of appeals in a criminal case upon petition by the appellant or the state.

On numerous occasions this Court has rendered opinions dealing with the meaning of this rule, and thus with the proper scope of its discretionary review authority, and until the majority opinion in this case we have consistently held:

> '[o]ur review is limited to those points of error decided by the courts of appeals, included in petitions for review and granted as grounds for review.' *Tallant v. State,* 742 S.W.2d 292, 295 (Tex.Cr. App.1987)

Although it is true that the appellant derived his claim from a statute which this Court has recently declared unconstitutional, it is equally true that the State has failed to comply with the procedural dictates of the Rules of Appellate Procedure and it cannot summarily dismiss those rules at its whim. *Tallant v. State, supra,* at 294. The foundation of the State's protestation was first raised in its petition for discretionary review. In other words, the State never provided the court of appeals

with the opportunity to make a determination of this point of error in an orderly and timely fashion.

Stare decisis is not a principle of convenience, it is an established legal doctrine whose main purpose is to produce consistency and stability in court decisions. The cornerstone of any responsible judicial system is to try and achieve such consistency whenever possible. Accordingly, one should not engage in a decision making process that dispenses with stare decisis and thus convolutes the system solely to achieve a result, even if doing so produces an arguably more equitable result. By completely ignoring *Tallant v. State, supra,* the majority has done exactly that.

Admittedly, it would be inequitable for the appellant to prevail in this case. But, by refusing to at least recognize and try to distinguish the previous authority the majority contravenes the role of this Court and the Rules of Appellate Procedure. Had the appellant requested this Court to review a ground of error which had not been presented to the court of appeals we would have refused to do so. *Arline v. State,* 721 S.W.2d 348, 349, n. 9 (Tex.Cr. App.1986). It seems, however, that procedural default, at least in this case, is not an applicable consideration when the State is the appealing party.

Although the appellant derives no right or protection from the now defunct Speedy Trial Act, we should simply hold that because of the State's procedural default it is now estopped from raising an issue it utterly failed to bring to the attention of the court of appeals either in its appellate brief or by filing a timely motion for rehearing. I therefore dissent.

CLINTON, J., joins all this opinion except the concession that appellant lost his rights and protection afforded by the decision of the El Paso Court of Appeals.

TEAGUE and CAMPBELL, JJ., join.