Stanley Carl ORN, Appellant,

v.

The STATE of Texas, Appellee.

No. 466–87.

Court of Criminal Appeals of Texas, En Banc.

May 25, 1988.
Rehearing Denied June 22, 1988.

_____

* All emphasis is mine throughout unless otherwise noted.

Mike Berg, Lockhart, for appellant.

Jeff Van Horn, Dist. Atty., Lockhart, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

DUNCAN, Judge.

Appellant was convicted by the court for driving while intoxicated, second offense. Punishment was assessed at 180 days confinement and $500.00 fine. On appeal to the Austin Court of Appeals, appellant's conviction was reversed. *Orn v. State,* 727 S.W.2d 764 (Tex.App.—Austin 1987). The State petitioned this Court for review of the court of appeals' holding that Art. 32A.02, V.A.C.C.P. (hereinafter the Speedy Trial Act), was constitutional.

In *Meshell v. State,* 739 S.W.2d 246 (Tex. Cr.App.1986), this Court held that the Speedy Trial Act was unconstitutional and void ab initio. Since the State raised the issue of the constitutionality of the Speedy Trial Act on appeal, we will summarily grant the State's petition and remand this case to the court of appeals for reconsideration of the issue in light of the *Meshell* decision.

The judgment of the court of appeals is vacated and the case is remanded to that court for further proceedings consistent with this opinion.

ONION, Presiding Judge, dissenting.

Appellant was charged by complaint and information with the offense of driving while intoxicated, second offense. See Article 6701*l*-1(d), V.A.C.S. Appellant was found guilty by the court upon his plea of guilty and his punishment was assessed at 180 days in the county jail and at a $500 fine.

On appeal appellant, in a sole point of error, complained that the trial court erred in overruling his pre-trial motion to dismiss the information under the Texas Speedy Trial Act (Article 32A.02, V.A.C.C.P.). The point of error was advanced pursuant to Article 44.02, V.A.C.C.P.

The Austin Court of Appeals sustained appellant's point of error and reversed the judgment of the trial court, overruling, inter alia, the State's contention that the Speedy Trial Act was unconstitutional because it involved the separation of powers doctrine set forth in Article II, § 1, Texas Constitution. *Orn v. State,* 727 S.W.2d 764 (Tex.App.—Austin 1987).

In view of the ruling on the constitutionality of the statute the State filed its petition for discretionary review. We granted the State's petition to determine the correctness of the Court of Appeals' ruling. Texas Rules of Appellate Procedure, Rule 200(c)(2).

In *Meshell v. State,* 739 S.W.2d 246 (Tex. Cr.App.1987), a majority of this Court declared the Speedy Trial Act unconstitutional and void in its entirety. In *Meshell* this Court announced that by enacting the Speedy Trial Act the Legislature had violated the state constitutional doctrine of separation of powers. See Article II, § 1 of the Texas Constitution.

Only recently in considering State's petitions for discretionary review in light of *Meshell,* we have held that the Speedy Trial Act was void from its inception and could not provide a basis for any right or relief. See *Jefferson v. State,* 751 S.W.2d 502 (Tex.Cr.App.1988); *Reyes v. State,* 753 S.W.2d 382 (Tex.Cr.App.1988). See 12 Tex. Jur.3d, Const.Law, § 41, p. 548; 16 Am. Jur.2d, Constitutional Law, § 256, p. 724. These authorities make clear that an unconstitutional criminal statute is void law ab initio and confers no benefits or rights, bestows no power on anyone and justifies no act performed under it. For other cases involving granted State's petitions for discretionary review where the same result was reached, see *Stevenson v. State,* 751 S.W.2d 508 (Tex.Cr.App.1988); *Massey v.*

*State*, 751 S.W.2d 505 (Tex.Cr.App.1988); *Beddoe v. State*, 752 S.W.2d 564 (Tex.Cr.App.1988); *Garcia v. State*, 751 S.W.2d 507 (Tex.Cr.App.1988); *Wright v. State*, 751 S.W.2d 506 (Tex.Cr.App.1988).

In each of these cases the judgment of the Court of Appeals was reversed and that of the trial court was affirmed except where other points of error remained to be considered. In this latter situation the cause was remanded to the Court of Appeals. And in cases involving appellants' petitions for discretionary review concerning the same question the judgments of the Court of Appeals and the trial court have been affirmed. See *Chacon v. State*, 745 S.W.2d 377 (Tex.Cr.App.1988); *Taylor v. State*, 745 S.W.2d 321 (Tex.Cr.App.1988).

Strangely, today, the majority turns aside from our recent actions, and simply remands the cause to the Court of Appeals in light of *Meshell*, and "for further proceedings consistent with this opinion." This, despite the fact that this cause is not different from many of the cases cited.

Pray tell what is the Court of Appeals to do? It will have no choice in light of *Meshell* except to write another opinion rejecting appellant's point of error and affirming the judgment of the trial court citing *Jefferson, Reyes*, etc. After a possible motion for rehearing the appellant could file a petition for discretionary review and the matter would be back before this Court and added to our backlog. Our staff and this Court would *again* be involved with the same question. Where is the judicial economy involved in the majority's action today? Why is the finality of this action delayed, and the cause kept in heavenly appellate orbit?

I would reverse the judgment of the Court of Appeals and affirm the judgment of the trial court. I vigorously dissent to the failure of the majority to dispose of this cause *now*.

TEAGUE, J., joins this dissent.