Harley Stephen BALLENGER, Appellant,

v.

The STATE of Texas, Appellee.

No. 632–84.

Court of Criminal Appeals of Texas,
En Banc.

May 25, 1988.

L.H. (Stu) Stewart, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Russell T. Lloyd and Jay Karahan, Asst. Dist. Attys., Robert Huttash, State's Atty., Houston and Alfred Walker, First Asst. State's Atty., Austin, for the State.

OPINION ON STATE'S MOTION FOR REHEARING ON STATE'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

Appellant was convicted by a jury for the offense of driving while intoxicated. Punishment was assessed at 730 days confinement, probated for two years and a five hundred dollar fine. The Fourteenth Court of Appeals ruled that the State had failed to comply with the Speedy Trial Act, Article 32A.02, V.A.C.C.P. and reversed the judgment of the trial court. *Ballenger v. State,* 681 S.W.2d 116 (Tex.App.—Houston [14th Dist.] 1984). On original submission, we affirmed the judgment of the court of appeals on the grounds that the State's claim as to the unconstitutionality of the Speedy Trial Act, supra, was not timely raised. Having decided that ruling was in

error, we granted the State's motion for rehearing.

A majority of this Court recently declared Article 32A.02, supra, unconstitutional and void in its entirety. *Meshell v. State*, 739 S.W.2d 246 (Tex.Cr.App.1987). The holding in *Meshell*, supra, announced that by enacting the Speedy Trial Act the Legislature had violated the separation of powers doctrine under Article II, section 1 of the Texas Constitution. Meshell's motion for leave to file a motion for rehearing was denied November 4, 1987. We recently held that an unconstitutional statute is void from its inception and cannot provide a basis for any right or relief. *Jefferson v. State*, 751 S.W.2d 502 (Tex.Cr.App.1988). See also, 12 Tex.Jur.3d, *Constitutional Law*, section 41, at 548 (and cases cited in note 33 thereof).

Therefore, in accord with *Meshell*, supra, we reverse the Court of Appeals' judgment which reversed appellant's conviction on the basis of a violation of the Speedy Trial Act. Since the contention under Article 32A.02, supra, was appellant's only ground for review in the Court of Appeals, we uphold appellant's conviction and affirm the judgment of the trial court.

MILLER, J., concurs for reasons stated in *Stevenson v. State* 751 S.W.2d 508 (Tex. Cr.App.1988).

CLINTON, J., dissents for reasons stated in his dissenting opinions in *Stevenson v. State*, 751 S.W.2d 508 (Tex.Cr.App.1988) and in *Jefferson v. State*, 751 S.W.2d 502 (Tex.Cr.App.1988).

DUNCAN, J., joined by TEAGUE and CAMPBELL, JJ., dissent for the reasons stated in Judge DUNCAN's dissenting opinion in *Jefferson v. State*, 751 S.W.2d 502 (Tex.Cr.App.1988).