**Bobby Ray WRIGHT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 1217–85.

Court of Criminal Appeals of Texas, En Banc.

May 25, 1988.

---

Charles W. Grantham, Jr., Grand Prairie, for appellant.

Tim Curry, Dist. Atty. and C. Chris Marshall and David K. Chapman, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

---

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

Appellant was found guilty by a jury of burglary by committing and attempting to commit theft under V.T.C.A., Penal Code, § 30.02. After finding two enhancement allegations to be true, the trial court set appellant's punishment at forty-five years' confinement in the Texas Department of Corrections. The Fort Worth Court of Appeals reversed and remanded the cause. *Wright v. State,* 696 S.W.2d 288 (Tex.App.—Fort Worth 1985). Appellant's single point of error on appeal alleged that the trial court erred in overruling appellant's motion to set aside the indictment for the State's violation of the Speedy Trial Act. The Court of Appeals held that the State did not exercise due diligence in obtaining appellant's presence within the 120–day period. See Article 32A.02, § 4(5) and (9), V.A.C.C.P. The Court of Appeals also overruled the State's contention that the caption pertaining to Chapter 32A is unconstitutional, a ruling that is now moot since Article III, § 35 of the Texas Constitution was recently amended to make the Legislature solely responsible for complying with caption requirements. See *Baggett v. State,* 722 S.W.2d 700, 702 (Tex.Cr.App. 1987); *Meshell v. State,* 739 S.W.2d 246, 251 (Tex.Cr.App.1987).

We granted the State's petition on one ground for review to determine whether the Court of Appeals erred by holding that the State failed to use due diligence in obtaining appellant's presence within the time required by the Speedy Trial Act. A majority of this Court recently declared Article 32A.02, supra, unconstitutional and void in its entirety. *Meshell,* supra. The

holding in *Meshell* announced that by enacting the Speedy Trial Act the Legislature had violated the separation of powers doctrine under Article II, § 1 of the Texas Constitution. *Meshell's* motion for leave to file a motion for rehearing was denied November 4, 1987. An unconstitutional statute is void from its inception and cannot provide a basis for any right or relief. See 12 Tex.Jur.3d, *Constitutional Law*, § 41, at 548 (and cases in n. 33 thereof); *Jefferson v. State*, 751 S.W.2d 502 (Tex.Cr.App. 1988); *Reyes v. State*, 753 S.W.2d 382 (Tex. Cr.App.1988). See and cf. *Chacon v. State*, 745 S.W.2d 377 (Tex.Cr.App.1988), and *Taylor v. State*, 745 S.W.2d 321 (Tex. Cr.App.1988).

The judgment of the Court of Appeals is reversed and the judgment of the trial court is affirmed.

CLINTON, J., dissents for the reasons stated in his dissenting opinions in *Stevenson v. State*, 751 S.W.2d 508 (Tex.Cr.App. 1988), and *Jefferson v. State*, 751 S.W.2d 502 (Tex.Cr.App.1988).

DUNCAN, J., joined by TEAGUE and CAMPBELL, JJ., dissent for the reasons stated in Judge DUNCAN's dissenting opinion in *Jefferson v. State*, 751 S.W.2d 502 (Tex.Cr.App.1988).