**Anthony GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1118–85.**

Court of Criminal Appeals of Texas,
En Banc.

May 25, 1988.

Andrew W. Carruthers, San Antonio, for appellant.

Sam D. Millsap, Jr., Dist. Atty. and Elizabeth H. Taylor and Daniel Thornberry, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

A jury found appellant guilty of the offense of aggravated robbery with a deadly weapon. See Article 29.03(a)(2), V.A. Penal Code. The court assessed punishment at fifteen years' imprisonment. On appeal appellant argued in a single point of error that the trial court reversibly erred in overruling his motion to set aside the indictment underlying his conviction pursuant to the provisions of the Speedy Trial Act, Article 32A.02, V.A.C.C.P. The San Antonio Court of Appeals sustained appellant's contention and held that the State failed to discharge its burden to determine appellant's location by due diligence under Article 32A.02, § 4(4)(B), supra. *Garcia v. State*, 696 S.W.2d 262, 266 (Tex.App.—San Antonio 1985, PDR granted).

We granted the State's petition for discretionary review to determine whether the Speedy Trial Act is unconstitutional because it violates the separation of powers doctrine. A majority of this Court recently declared Article 32A.02, supra, unconstitutional and void in its entirety. *Meshell v. State*, 739 S.W. 246 (Tex.Cr.App.1987). The holding in *Meshell* announced that by enacting the Speedy Trial Act the Legislature had violated the separation of powers doctrine under Article II, § 1 of the Texas Constitution. *Meshell's* motion for leave to file a motion for rehearing was denied November 4, 1987. An unconstitutional statute is void from its inception and cannot provide a basis for any right or relief. See

12 Tex.Jur.3d, *Constitutional Law,* § 41, at 548 (and cases in n. 33 thereof); *Jefferson v. State,* 751 S.W.2d 502 (Tex.Cr.App. 1988); *Reyes v. State,* 753 S.W.2d 382 (Tex. Cr.App.1988). See and cf. *Chacon v. State,* 745 S.W.2d 377 (Tex.Cr.App.1988), and *Taylor v. State,* 745 S.W.2d 321 (Tex. Cr.App.1988).

The judgment of the Court of Appeals is reversed and the judgment of the trial court is affirmed.

CLINTON, J., dissents for the reasons stated in his dissenting opinions in *Stevenson v. State,* 751 S.W.2d 508 (Tex.Cr.App. 1988), and *Jefferson v. State,* 751 S.W.2d 502 (Tex.Cr.App.1988).

DUNCAN, J., joined by TEAGUE and CAMPBELL, JJ., dissent for the reasons stated in Judge DUNCAN's dissenting opinion in *Jefferson v. State,* 751 S.W.2d 502 (Tex.Cr.App.1988).