**David Wayne HOFFMAN Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 448–85.**

Court of Criminal Appeals of Texas, En Banc.

May 25, 1988.

I. Nelson Heggen, Galveston, for appellant.

Michael J. Guarino, Dist. Atty. and Douglas A. Yancy and Miguel Martinez, Asst. Dist. Attys., Galveston, Robert Huttash, State's Atty. and Alfred Walker, First Asst. State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

Appellant was convicted of burglary of a building, and assessed punishment at four years confinement in the Texas Department of Corrections. The Fourteenth Court of Appeals ruled that the State had failed to comply with the Speedy Trial Act, Article 32A.02, V.A.C.C.P. and reversed the judgment of the trial court. *Hoffman v. State,* 687 S.W.2d 495 (Tex.App.—Houston [14th Dist.] 1985). We granted the State's petition for discretionary review to address the contentions that the Speedy Trial Act, supra, is unconstitutional.

A majority of this Court recently declared Article 32A.02, supra, unconstitutional and void in its entirety. *Meshell v. State,* 739 S.W.2d 246 (Tex.Cr.App.1987). The holding in *Meshell,* supra, announced that by enacting the Speedy Trial Act the Legislature had violated the separation of powers doctrine under Article II, section 1 of the Texas Constitution. Meshell's motion for leave to file a motion for rehearing was denied November 4, 1987. We recently held that an unconstitutional statute is void from its inception and cannot provide a basis for any right or relief. *Reyes v. State,* —— S.W.2d —— (Tex.Cr.App. no. 0645–84, delivered May 18, 1988); *Jefferson v. State,* 751 S.W.2d 502 (Tex.Cr.App. 1988). See also, 12 Tex.Jur.3d, *Constitutional Law,* section 41, at 548 (and cases cited in note 33 thereof).

Therefore, in accord with *Meshell,* supra, we reverse the Court of Appeals' judgment which reversed appellant's conviction on the basis of a violation of the Speedy Trial Act. Since the contention under Article 32A.02, supra, was appellant's only ground for review in the Court of Appeals, we uphold appellant's conviction and affirm the judgment of the trial court.

MILLER, J. concurs for reasons stated in *Stevenson v. State,* 751 S.W.2d 508 (Tex. Cr.App.1988).

CLINTON, J., dissents for reasons stated in his dissenting opinions in *Stevenson v. State,* 751 S.W.2d 508 (Tex.Cr.App.1988) and in *Jefferson v. State,* 751 S.W.2d 502 (Tex.Cr.App.1988).

DUNCAN, J., joined by TEAGUE and CAMPBELL, JJ., dissent for the reasons stated in Judge DUNCAN'S dissenting opinion in *Jefferson v. State,* 751 S.W.2d 502 (Tex.Cr.App.1988).