**Donald Anthony BEDDOE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 589–84.

Court of Criminal Appeals of Texas, En Banc.

May 25, 1988.

Rehearing Denied June 22, 1988.

Daniel F. Prashner, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Calvin A. Hartmann, William J. Delmore, III and Tommy Proctor, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., and Alfred Walker, First Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

A jury convicted appellant of burglary of a habitation with intent to commit theft. V.T.C.A., Penal Code, § 30.02. The jury also assessed punishment at ten years in the Texas Department of Corrections. On appeal appellant alleged in a single point of error that the trial court erred in overruling his motion to dismiss the indictment on the ground that he was denied his right to a speedy trial. The Houston (14th) Court of Appeals concluded that the State failed to discharge its burden of proving the use of due diligence under the Speedy Trial Act, Article 32A.02, § 4(4)(B), V.A.C.C.P. *Beddoe v. State*, 681 S.W.2d 114, 115 (Tex. App.—Houston (14th) 1984, PDR granted). The Court of Appeals also held that the caption pertaining to Chapter 32A does not violate the provision of Article III, § 35 of the Texas Constitution. The Court of Appeals' ruling on the caption issue is moot, however, since Article III, § 35 was recently amended to make the Legislature solely responsible for complying with caption requirements. See *Baggett v. State*, 722 S.W.2d 700, 702 (Tex.Cr.App.1987); *Meshell v. State*, 739 S.W.2d 246, 251 (Tex.Cr. App.1987).

We granted the State's petition for discretionary review, which alleges that the Speedy Trial Act is unconstitutional, inter alia, because the Act violates the separation of powers doctrine.

A majority of this Court recently declared Article 32A.02, supra, unconstitutional and void in its entirety. *Meshell,* supra. The holding in *Meshell* announced that by enacting the Speedy Trial Act the Legislature had violated the separation of powers doctrine under Article II, § 1 of the Texas Constitution. *Meshell's* motion for leave to file a motion for rehearing was denied November 4, 1987. An unconstitutional statute is void from its inception and cannot provide a basis for any right or relief. See 12 Tex.Jur.3d, *Constitutional Law,* § 41, at 548 (and cases in n. 33 thereof); *Jefferson v. State,* 751 S.W.2d 502 (Tex.Cr.App.1988); *Reyes v. State,* 753 S.W.2d 382 (Tex.Cr.App.1988). See and cf. *Chacon v. State,* 745 S.W.2d 377 (Tex.Cr. App.1988), and *Taylor v. State,* 745 S.W.2d 321 (Tex.Cr.App.1988).

The judgment of the Court of Appeals is reversed and the judgment of the trial court is affirmed.

CLINTON, J., dissents for the reasons stated in his dissenting opinions in *Stevenson v. State,* 751 S.W.2d 508 (Tex.Cr.App. 1988), and *Jefferson v. State,* 751 S.W.2d 502 (Tex.Cr.App.1988).

DUNCAN, J., joined by TEAGUE and CAMPBELL, JJ., dissent for the reasons stated in Judge DUNCAN's dissenting opinion in *Jefferson v. State,* 751 S.W.2d 502 (Tex.Cr.App.1988).