Victoriano SANCHEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 909–85.

Court of Criminal Appeals of Texas, En Banc.

June 8, 1988.

George McCall Secrest, Jr. (on appeal only), Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Winston E. Cochran, Jr. and Casey O'Brien, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

On direct appeal, the First Court of Appeals (Houston), see *Sanchez v. State,* 694 S.W.2d 223 (Tex.App.–1st 1985), rejected the sole contention that Victoriano Sanchez, henceforth appellant, presented for review, namely, that the trial court erred in refusing to dismiss the indictment charging him with committing the offense of murder because the State had violated his rights guaranteed under Art. 32A.02, V.A.C.C.P., the Texas Speedy Trial Act, and affirmed the trial court's judgment of conviction, which reflects that appellant was convicted by the jury of murder, which also assessed his punishment at 30 years' confinement in the Department of Corrections.

The court of appeals concluded that appellant's contention was without merit because he failed to move for discharge under the provisions of the Speedy Trial Act prior to trial, see § 3 of the Act, thus waiving his rights provided in the Act. We granted appellant's petition for discretionary review in order to decide whether the court of appeals correctly decided the issue.

The State, in its response brief to appellant's petition for discretionary review, for the first time on appeal raised the contention that the Speedy Trial Act was unconstitutional.

In *Meshell v. State*, 739 S.W.2d 246 (Tex. Cr.App.1987), a majority of this Court voted to hold Art. 32A.02, supra, the Speedy Trial Act, unconstitutional on the ground that it violates the separation of powers provision of Art. II, § 1, Texas Constitution, and further held that said statute was void ab initio. In view of what a majority of this Court stated and held in *Meshell*, supra, the issue that appellant seeks to have this Court review is now moot. A majority of this Court has also recently held that an unconstitutional criminal statute that is declared void ab initio confers no benefits or rights, bestows no power on anyone and justifies no act performed under it. For an up to date listing of the cases, involving both appellants' petitions for discretionary review and the State's petitions for discretionary review concerning the validity of the Speedy Trial Act, and the effects of declaring the Act unconstitutional, see Presiding Judge Onion's dissenting opinion that he filed in *Orn v. State*, 753 S.W.2d 394 (Tex.Cr.App.1988).

Therefore, given the above, the judgments of the court of appeals and the trial court are affirmed.