Enrique Flores LOPEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 200–84.

Court of Criminal Appeals of Texas, En Banc.

Sept. 21, 1988.

Abel Toscano, Jr., Ernesto Gonzales, of counsel, Harlingen, for appellant.

Reynaldo S. Cantu, Dist. Atty., and Marjory Colvin and John Haywood, Asst. Dist. Attys., Brownsville, Robert Huttash, State's Atty., Austin, for the State.

ONION, Presiding Judge.

Appellant was convicted of burglary of a building while armed with a deadly weapon, to-wit: a firearm. The jury assessed punishment at 50 years imprisonment and a fine of $7,500.00.

On appeal appellant raised several points of error. The Court of Appeals reversed the conviction on the first point of error that the trial court erred in overruling the motion to set aside the indictment for failure to comply with the Texas Speedy Trial Act (Article 32A.02). *Lopez v. State*, 663 S.W.2d 908 (Tex.App.—Corpus Christi 1983).

We granted the State's petitions for discretionary review to determine the correctness of the holding of the Court of Appeals.

Since that time, this Court in *Meshell v. State*, 739 S.W.2d 246 (Tex.Cr.App.1987), held Article 32A.02, V.A.C.C.P., unconstitutional and void in its entirety. An unconstitutional statute is void from its inception and cannot provide a basis for any right or relief. 12 Tex.Jur.3rd, Constitutional Law, Sec. 41, at 548 (and cases in n. 33 thereof).

*Jefferson v. State*, 751 S.W.2d 502 (Tex.Cr. App.1988); *Reyes v. State*, 753 S.W.2d 382 (Tex.Cr.App.1988).

The Speedy Trial Act, has been declared unconstitutional and is void from its inception and confers no rights or benefits. As in *Jefferson* and *Reyes*, the judgment of the Court of Appeals is reversed and the cause remanded for consideration of appellant's other points of error.

CLINTON, TEAGUE, and CAMPBELL, JJ., dissent for the reasons stated in the dissenting opinions in *Reyes v. State*, supra, and *Jefferson v. State*, supra.