**Ex parte Richard DANZIGER, Appellant.**

**No. 3-89-038-CR.**

Court of Appeals of Texas, Austin.

Aug. 9, 1989.

Discretionary Review Granted Oct. 4, 1989.

Berkley Bettis, Walter C. Prentice, Austin, for appellant.

Ronald Earle, Dist. Atty., Carla Garcia, Asst. Dist. Atty., Austin, for appellee.

Before SHANNON, C.J., and ABOUSSIE and EARL W. SMITH,* JJ.

EARL W. SMITH, Justice (Retired).

Appellant, Richard Danziger, and co-defendant Ochoa were charged by complaint with capital murder. Danziger was arrested on November 15, 1988 and has been in custody in the Travis County Jail since that time. Appellant's brief states that no indictment has been returned; however, during oral argument before this Court, it was conceded that Danziger now stands indicted for aggravated sexual assault. The court set bond at $100,000. On February 15, 1989, appellant filed an application for writ of habeas corpus. On February 22, 1989, a hearing was held and the writ was denied. At the hearing, it was stipulated that more than 90 days had elapsed since the beginning date of his detention, and that the State was not ready for trial on either the offense of capital murder or any lesser included offense.

In the habeas corpus hearing appellant sought his release on a personal bond, arguing that he was entitled to one under Tex.Code Cr.P.Ann. art. 17.151 (Supp.1989). The record further shows that a motion to revoke appellant's probation was filed in Bee County on February 22, 1989, and that the trial court in Bee County set bond on that motion at $100,000. Appellant states

---

*Before Earl W. Smith, Justice (retired), Third Court of Appeals, sitting by assignment. *See*

Tex.Gov't.Code Ann. § 74.003 (1988).

in his brief that the Bee County action "is not challenged in this appeal."

Appellant's one point of error is that the trial court erred in denying appellant's release on personal bond under the provisions of article 17.151. We hold that the trial court did not err in denying the relief sought.

Article 17.151 was enacted as a part of the "Speedy Trial Act" and was contained in the same bill, Senate Bill 1043, when passed by the Legislature. Acts 1977, 65th Leg., ch. 787, at 1970. Article 17.151 reads:

> Section 1. A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:
>
> (1) 90 days from the commencement of his detention if he is accused of a felony;
>
> (2) 30 days from the commencement of his detention if he is accused of a misdemeanor punishable by a sentence of imprisonment in jail for more than 180 days;
>
> (3) 15 days from the commencement of his detention if he is accused of a misdemeanor punishable by a sentence of imprisonment for 180 days or less; or
>
> (4) five days from the commencement of his detention if he is accused of a misdemeanor punishable by a fine only.
>
> Sec. 2. The provisions of this article do not apply to a defendant who is:
>
> (1) serving a sentence of imprisonment for another offense while he is serving that sentence;
>
> (2) being detained pending trial of another accusation against him as to which the applicable period has not yet elapsed; or
>
> (3) incompetent to stand trial, during the period of his incompetence.

The Court of Criminal Appeals held the Speedy Trial Act unconstitutional in *Meshell v. State*, 739 S.W.2d 246 (Tex.Cr.App. 1987). Since the decision in *Meshell*, the Court of Criminal Appeals has held consistently that the act is unconstitutional, was void in its entirety from its inception, and cannot provide a basis for any right, benefit, or relief. *See, e.g., Lopez v. State*, 757 S.W.2d 777 (Tex.Cr.App.1988); *Jefferson v. State*, 751 S.W.2d 502 (Tex.Cr.App.1988). In *Reyes v. State*, 753 S.W.2d 382, 383 (Tex.Cr.App.1988), the Court noted that an unconstitutional criminal statute is to be considered as *no statute at all*, citing *Hiett v. United States*, 415 F.2d 664, 666 (5th Cir.1969), *cert. denied*, 397 U.S. 936, 90 S.Ct. 941, 25 L.Ed.2d 117 (1970).

The Act contained no savings provision. Because art. 17.151 was a part of the act, it is void and of no effect. Thus, appellant's reliance on *Kernahan v. State*, 657 S.W.2d 433 (Tex.Cr.App.1983), a pre-*Meshell* decision, is misplaced. We reject the *dicta* in *Ex Parte Delk*, 750 S.W.2d 816 (Tex.App. 1988, no pet.) that although art. 17.151 was a part of Senate Bill 1043, The Speedy Trial Act, the Court in *Meshell* did not hold art. 17.151 unconstitutional. As noted, the Court of Criminal Appeals held the *entire* act unconstitutional from its inception.

Even if it be conceded that art. 17.151 was not unconstitutional, appellant could not be released on his personal bond in light of the uncontested Bee County action.

We hold the trial court did not err in denying the relief sought by appellant and affirm the decision of the trial court.