**Richard DANZIGER, Applicant,**

v.

**The STATE of Texas, Appellee.**

No. 1268–89.

Court of Criminal Appeals of Texas, En Banc.

March 28, 1990.

We find it unnecessary to address the merits of applicant's allegations. Applicant has been convicted of the offense of aggravated sexual assault and his punishment has been assessed at life. Therefore, applicant's contentions pertaining to pre-trial confinement due to denial of bail are moot.

The petition for discretionary review is hereby dismissed.

Berkley Bettis (court-appointed), Walter C. Prentice, Austin (court-appointed), for appellant.

Ronald Earle, Dist. Atty., William G. Reid, Asst. Dist. Atty., Robert Huttash, State's Atty., Austin, for the State.

Leslie C. LEWIS, Appellant,

v.

## OPINION ON APPLICANT'S PETITION FOR DISCRETIONARY REVIEW

### PER CURIAM.

Applicant filed an application in the trial court for a writ of habeas corpus seeking release on bail pursuant to Article 17.151, V.A.C.C.P.[1] That court denied relief. The Court of Appeals affirmed the trial court's denial of habeas corpus relief. *Ex parte Danziger*, 775 S.W.2d 475 (Tex.App.—Austin 1989). Applicant filed a petition for discretionary review. This Court granted applicant's petition in which he challenged the Court of Appeals' holding that the statute in question is unconstitutional due to our holding in *Meshell v. State*, 739 S.W.2d 246 (Tex.Cr.App.1987).

---

**1.** Article 17.151, V.A.C.C.P., states, in pertinent part:

A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reduc-

ing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:

(1) 90 days from the commencement of his detention if he is accused of a felony;....