Thomas v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-083-CR

     EDWIN KENDALE THOMAS,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 85th District Court
Brazos County, Texas
Trial Court # 20,996-85
                                                                                                    

O P I N I O N
                                                                                                    

      Edwin Thomas was arrested and incarcerated on September 27, 1991, for possession of a
controlled substance. On January 23, 1992, he was presented to a grand jury and indicted. One
month later Thomas applied to the district court for a writ of habeas corpus, seeking either
reduction of bail or release on personal bond pursuant to article 17.151 of the Texas Code of
Criminal Procedure.


 The district court denied relief. Thomas now comes before this Court
asserting that the trial court erred in denying his writ of habeas corpus by violating article 17.151.
      In Danziger v. State, 786 S.W.2d 723 (Tex. Crim. App. 1990), Danziger appealed the trial
court's denial of his application for writ of habeas corpus seeking release on bail pursuant to
article 17.151. The Texas Court of Criminal Appeals concluded that it was unnecessary to address
the merits of Danziger's allegations because they became moot when he was convicted of
aggravated sexual assault and given a life sentence. Id. at 724.
      The case at hand is similar to Danziger. Thomas complains of pre-trial confinement, but has
since been convicted and sentenced to fourteen years imprisonment for possession of a controlled
substance. Based on these facts, we find it unnecessary to address whether the district court erred
in denying Thomas' writ of habeas corpus. See id. We overrule his single point of error.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed July 15, 1992
Do not publish



y did not want to move.
          A hearing was held outside the presence of the jury. Stella testified that the note was
discovered by her mother, Ola Mae, sometime in 1996. The assaults by Burks were alleged to
have been committed in May of 1996. Stella also testified that the note was in S. O.’s
handwriting. Ola Mae, with whom the victims and their other sisters live, did not testify.
          S. O. denied that she wrote the note. She testified that she had a friend by the name to
whom the note was addressed. But, she specifically denied writing that friend this or any other
note. When examined at Planned Parenthood, she denied that she had engaged in sexual
intercourse with anyone. After a subsequent visit to a different doctor in Temple, S. O. claimed
that she was touched by Burks’s hands and his “private” but denied that she had intercourse with
him. However, she described the acts which Burks did to her. Based upon S. O.’s description
of Burks’s acts and the resulting consequences; difficulty walking, discomfort, and vaginal
bleeding, a question was raised as to what her definition of intercourse would have been. The note
is crudely worded and uses terms that adults would equate to sexual intercourse. It is not dated. 
There are no references from which a date could be determined. It makes a vague reference to
a location in East Waco where S. O. had engaged in sexual intercourse with an unidentified “sexy
boy.” It is “addressed” to a friend of S. O.’s, with the admonition, “Don’t show [any]body.” 
There is nothing about the note that assists in the identity of the other person involved in the sexual
act. 
Standard of Review
          When admitting or excluding evidence, the trial court is allowed to use its discretion. 
Montgomery v. State, 810 S.W.2d 372, 379-80 (Tex. Crim. App. 1990); Castaldo v. State, 32
S.W.3d 413, 422 (Tex. App.—Waco 2000, pet. filed). As an appellate court, we should not set
aside the trial court’s ruling absent a showing on the record that the trial court abused its
discretion. Id.
Hearsay Exception
          The note was an out of court statement offered to prove the truth of the matter asserted;
that being, S. O. had previous sexual relations. It is hearsay and inadmissible, unless admissible
under another statute or rule. Tex. R. Evid. 802. To avoid application of this rule, Burks
contends that the exhibit was admissible as an exception to the hearsay rule as a statement against
interest. Burks argues that the note would subject S. O. to “hatred, ridicule, or disgrace,” thus
making it admissible under Rule 803(24). This exception provides:
(24) Statement Against Interest. A statement which was at the time of its
making so far contrary to the declarant's pecuniary or proprietary interest, or so
far tended to subject the declarant to civil or criminal liability, or to render invalid
a claim by the declarant against another, or to make the declarant an object of
hatred, ridicule, or disgrace, that a reasonable person in declarant's position would
not have made the statement unless believing it to be true. In criminal cases, a
statement tending to expose the declarant to criminal liability is not admissible
unless corroborating circumstances clearly indicate the trustworthiness of the
statement.

Tex. R. Evid. 803(24).
          Whether a statement is in fact against the interest of the declarant must be determined from
the circumstances of each case. Drone v. State, 908 S.W.2d 608, 612 (Tex. App.—Austin 1995,
pet. ref’d). To be excluded on the basis it would subject the declarant to hatred, ridicule or
disgrace, the statement must be in the context of the declarant’s social interests. Owens v. State,
916 S.W.2d 713, 718 (Tex. App.—Waco 1996, no pet.). And, to qualify as an exception under
Rule 803(24), the statement must be against the declarant’s interest at the time it was made. Bell
v. State, 877 S.W.2d 21, 24 n.2 (Tex. App.—Dallas 1994, pet. ref’d).
          Based upon a reading of the entire note, and evaluating the circumstances as to its alleged
origin and subject matter, the note would not be admissible under this exception to the hearsay
rule. If this is S. O.’s note, it is to a friend, and she is boasting about having a sexual relationship
with a “sexy boy.” This is not the type note that would be admissible over the State’s hearsay
objection as a statement against interest. Burks ignores that the note was not intended by S. O.
to be publicly disclosed and was made to a friend in confidence. Thus, for the purposes for which
the statement was made and at the time it was made, it was not of a nature that would have
subjected her to “hatred, ridicule, or disgrace, that a reasonable person in declarant's position
would not have made the statement unless believing it to be true.” Tex. R. Evid. 803(24). The
trial court properly sustained the hearsay objection.
Rule 412
          We have determined that the evidence was properly excluded on the basis of the State’s
hearsay objection. Burks argues that the note is admissible under Rule 412, the rape shield
evidence rule. His argument is without merit. Rule 412 does not provide Burks with a vehicle
to overcome the exclusion of inadmissible hearsay evidence. Tex. R. Evid. 412.
Conclusion
          Having determined that the evidence was properly excluded as hearsay and rejected Burks’s
argument that the evidence is admissible under Rule 412, Burks’s sole issue is overruled. Burks’s
convictions are affirmed.
 
                                                                                 TOM GRAY
                                                                                 Justice

Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Affirmed
Opinion delivered and filed February 28, 2001
Publish