Robert L. **CLARK**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–92–00332–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 12, 1992.

Loren A. Detamore, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Alan Curry, Natalie Fleming, Asst. Dist. Attys., Houston, for appellee.

Before DUGGAN, DUNN and MIRABAL, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from a trial court's order denying a motion for reduction of bond.

On March 27, 1991, appellant, Robert L. Clark, was arrested and charged with the felony offense of delivery of a controlled substance on that date. He has remained continuously in custody since his arrest. On April 19, 1991, appellant was indicted for the March 27th offense, with one prior conviction for robbery alleged for enhancement, in cause number 593,055 ("the original indictment"). Bond was set at $75,000. On May 1, 1991, 37 days after appellant's detention began, the State filed its written announcement of ready for trial on the original indictment. On August 16, 1991, 143 days after his arrest, appellant was reindicted in cause number 606,786 ("the reindictment"), which repeated the primary offense and the enhancement allegation of the original indictment and added a paragraph alleging one additional prior conviction for further enhancement. The trial court again set bond at $75,000.

Appellant filed a motion for bond reduction in the reindictment cause, which the court heard and denied on October 14, 1991. The trial court then allowed the transfer of all pending motions under the original indictment to the reindictment cause, and granted the State's motion to dismiss the original indictment.

In a single point of error, appellant contends the trial court erred in refusing to grant him a reduced bond on the reindictment cause in an amount that he could make in compliance with article 17.151 of the Texas Code of Criminal Procedure.

Article 17.151 provides, in relevant part:

Sec. 1. A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for

trial of the criminal action for which he is being detained within:

(1) 90 days from the commencement of his detention, if he is accused of a felony.

TEX.CODE CRIM.PROC.ANN. art. 17.151, § 1(1) (Vernon Supp.1992).[1]

Appellant contends that article 17.151 entitles him to release on personal bond or reduced bond because the State was not, and could not have been, ready in the reindictment cause within the 90–day period from the commencement of his detention because the reindictment was not returned until after the 90–day period.

Appellant's argument interprets article 17.151 to require a reduced or personal recognizance bond whenever the State reindicts a defendant for the same felony more than 90 days after his detention, even though the State was ready to go to trial within the 90 days and thereafter. We reject this interpretation. The cases he cites, *Ex parte Kernahan*, 657 S.W.2d 433 (Tex.Crim.App.1983), and *Ex parte McNeil*, 772 S.W.2d 488 (Tex.App.—Houston [1st Dist.] 1989, no pet.), are not authority for that proposition. In both *Kernahan* and *McNeil, no* original indictment was returned within 90 days of the accused's detention, and both decisions ordered the accused/detainee released on personal bond for that reason. As the Court of Criminal Appeals held in *Ex parte Kernahan*, "the existence of a charging instrument is an element of State preparedness." 657 S.W.2d at 434 (citing *Pate v. State*, 592 S.W.2d 620 (Tex.Crim.App.1980)). In the present case, by contrast, a felony indictment charging the same criminal action had previously been returned against appellant, and the State had announced ready for trial under it—both within 90 days of the commencement of appellant's detention.

The purpose of article 17.151 is not to regulate or limit reindictments, but "to provide assurance that an accused will not be

---

1. Appellant points out that some courts have held article 17.151 to be unconstitutional. For example, in *Ex parte Danziger*, 775 S.W.2d 475, 476 (Tex.App.—Austin 1989, pet. dism'd), the Austin Court of Appeals held that the article was unconstitutional. However, the Court of Criminal Appeals, in *Jones v. State*, 803 S.W.2d 712, 715–17 (Tex.Crim.App.1991), expressly overruled *Danziger* and held that article 17.151 does not violate the separation of powers doctrine.

held in custody indefinitely while the State is not at least prepared to bring him to trial." *Jones v. State*, 803 S.W.2d 712, 715 (Tex.Crim.App.1991). The State satisfied this statutory goal by obtaining the original indictment and showing readiness for trial upon it within 90 days of the commencement of appellant's detention. The State remained ready for trial upon the reindictment. Appellant will not be heard to complain that because the State was ready to proceed on an indictment containing *less* than all the enhancement allegations to which he was subject, it should not be allowed to proceed on a reindictment that contains additional enhancement allegations when no delay results.

Because the trial court transferred the pending motions under the original indictment to the reindictment cause, appellant was not penalized by delay, or detained by a lack of prosecutorial readiness because of the State's decision to proceed on the reindictment. We hold that the State complied with article 17.151 when it obtained the original indictment and announced ready for trial under it within 90 days of appellant's detention. Appellant's point of error is overruled.

The judgment is affirmed.