02-10-408-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT
 OF APPEALS
 SECOND
 DISTRICT OF TEXAS
 FORT
 WORTH
  
 
 


 

NO. 02-10-00408-CR

 

 


 
 
 EX PARTE LAJUANA TISHA
 KRICK
 
 
  
 
 
  
 
 


                                                                                                                             

 


 
 
  
 
 
  
 
 
  
 
 


 

------------

 

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

          Appellant Lajuana Tisha
Krick filed a notice of appeal from the trial court’s denial of her amended
motion for personal recognizance bond.  This court subsequently received a copy
of the trial court’s judgment convicting Krick of second degree aggravated
assault and sentencing her to five years’ confinement pursuant to a plea
bargain.  Therefore, Krick’s appeal of the denial of her amended motion for
personal recognizance bond is moot.  See Martinez v. State, 826 S.W.2d
620, 620 (Tex. Crim. App. 1992) (citing Danziger v. State, 786 S.W.2d
723 (Tex. Crim. App. 1990), for the proposition that when an applicant for
habeas corpus relief has been convicted of the underlying offense and is no
longer subject to pretrial confinement, the petition is moot and we do not
reach the merits thereof); see also Ex parte Sabur, Nos. 02-02-00305-CR,
02-02-00306-CR, 02-02-00307-CR, 02-02-00308-CR, 2003 WL 862727, at *1 (Tex.
App.—Fort Worth Mar. 6, 2003, no pet.) (mem. op., not designated for
publication) (dismissing appeal of denial of relief in pretrial application for
writ of habeas corpus in cause number 02-02-00308-CR because judgment had
already been rendered in that cause number).  Accordingly, we dismiss this
appeal.[2] 
See Tex. R. App. P. 43.2(f).

 

                                                                             PER
CURIAM

 

PANEL:  MCCOY, MEIER, and GABRIEL,
JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  May 19, 2011









[1]See
Tex. R. App. P. 47.4.





[2]We
do not condone counsel’s delay in filing appellant’s brief nor his failure to
amend appellant’s motion to dismiss the appeal with her signature despite
assuring our clerks’ office that he had taken steps to do so.  See Tex.
R. App. P. 42.2(a).  The trial court’s judgment indicates that almost a year’s
confinement was credited to appellant’s five-year sentence as a result of her
remaining incarcerated while she awaited his action.