

# IN THE
# TENTH COURT OF APPEALS

## No. 10-12-00117-CR

**EX PARTE KENDI ALLEN PAGE,**

                                                    **Appellant**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2012-0192-C2

## MEMORANDUM  OPINION

Appellant, Kendi Allen Page, filed a pro se notice of appeal from the trial court's denial of his application for the writ of habeas corpus. In his application, Page claimed that he was being illegally restrained on two charges of aggravated assault. *See Dahesh v. State*, 51 S.W.3d 300, 302 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (noting that a habeas-corpus proceeding is to secure discharge of one restrained of his liberty). Specifically, Page asserted that the State did not indict him within ninety days of his arrest; he is indigent; and he is entitled to a personal-recognizance bond. We dismiss Page's complaints as moot.[1]

---

[1] On May 30, 2012, the State filed a motion to dismiss this appeal. In light of our opinion, we dismiss the State's motion as moot.

## I.    BACKGROUND

Page alleges that he was arrested on the aggravated assault counts on November 2, 2011.  According to Page, his bail in each case was initially set at $50,000.  And because he was determined to be indigent, Page was appointed counsel.

Thereafter, in April 2012, Page filed a pro se application for writ of habeas corpus, asserting that he was not indicted within ninety days of his arrest and requesting a personal-recognizance bond on the basis that he is indigent.[2]  *See* TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1) (West Supp. 2011) (providing that a defendant may be entitled to *either* a personal-recognizance bond *or* a bail reduction if the State is not ready for trial within ninety days of his arrest).  The trial court denied Page's pro se habeas corpus application on April 3, 2012.  It is from this ruling that Page now appeals.

Nevertheless, on April 25, 2012, Page's trial counsel filed an application for writ of habeas corpus.  The trial court conducted a hearing on this habeas corpus application on April 27, 2012, and subsequently granted the writ and reduced Page's bail to $10,000.  We have received notice that Page is no longer in custody.

---

[2] We note that Page is still represented by counsel, and the record does not demonstrate that Page's trial counsel has filed a motion to withdraw in the trial court or that he has been removed as Page's attorney in some other fashion.  Moreover, none of Page's pro se filings appear to be served on his trial counsel.  The court of criminal appeals has held that a party represented by counsel is not entitled to hybrid representation.  *See Ex parte Bohannon*, 350 S.W.3d 116, 116 n.1 (Tex. Crim. App. 2011) (noting that the court disregarded and took no action on a habeas corpus applicant's pro se submissions because he was represented by counsel); *see also Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001).  Page has not adequately explained that he is entitled to advance pro se in this matter, considering he is currently represented by counsel.

## II.    ANALYSIS

Because Page is no longer incarcerated, we conclude that Page's contentions pertaining to pre-trial confinement are moot.  *See Martinez v. State*, 826 S.W.2d 620, 620 (Tex. Crim. App. 1992) (en banc) (holding that if a habeas-corpus applicant is no longer subject to pre-trial confinement, then the applicant's petition is moot and the reviewing court will not address the merits of his petition); *Danziger v. State*, 786 S.W.2d 723, 724 (Tex. Crim. App. 1990) (per curiam); *see also Bennet v. State*, 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no pet.) ("'[W]here the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot.'" (quoting *Saucedo v. State*, 795 S.W.2d 8, 9 (Tex. App.—Houston [14th Dist.] 1990, no pet.))).  Accordingly, we dismiss Page's appeal of the trial court's denial of his pro se habeas corpus application as moot.


AL SCOGGINS
Justice


Before Chief Justice Gray,
       Justice Davis, and
       Justice Scoggins
Dismissed
Opinion delivered and filed June 13, 2012
Do not publish
[CR25]