**Opinion issued June 23, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-15-00883-CR

## NO. 01-15-00884-CR

_____

## EX PARTE JOHN DAVIS CAMPBELL, Appellant

---

**On Appeal from the 10th District Court**
**Galveston County, Texas**
**Trial Court Case Nos. 15-CR-0665 & 15-CR-0666**

---

## MEMORANDUM OPINION

John Davis Campbell appeals from the trial court's order denying a pre-trial application for writ of habeas corpus due to delay. Because Campbell has been convicted in both cases, his appeals are moot. We therefore dismiss the appeals.

**Background**

Campbell was arrested and charged with one count of driving while intoxicated, third or greater offense (trial court cause number 15-CR-0665),[1] and one count of possession of methamphetamine in an amount greater than one ounce and less than four ounces (trial court cause number 15-CR-0666).[2] The State was not ready for trial within ninety days of the commencement of Campbell's detention, as required by Article 17.151 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1) (West Supp. 2015). Campbell therefore applied for a writ of habeas corpus in each case, seeking his release because of delay. *See id.* The trial court denied the application for habeas corpus, and Campbell timely appealed. *See Pharris v. State*, 196 S.W.3d 369, 372 n.4 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (criminal defendant may bring interlocutory appeal of denial of writ of habeas corpus). A jury subsequently found Campbell guilty of both charges, and the trial court entered judgments of conviction.

---

[1]     *See* TEX. PENAL CODE ANN. §§ 49.04 (defining offense of driving while intoxicated), 49.09(b)(2) (enhancing classification of offense to felony of third degree if defendant "has previously been convicted . . . two times of any offense relating to the operating of a motor vehicle while intoxicated) (West 2015).

[2]     *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6) (listing methamphetamine as Penalty Group 1 controlled substance), 481.115(c) (possession of more than one gram but less than four grams of controlled substance in Penalty Group 1 constitutes felony of third degree) (West 2010).

## Mootness

When a defendant appeals from the denial of a pre-trial application for writ of habeas corpus under Article 17.151 and is subsequently convicted, the appeal is moot. *Martinez v. State*, 826 S.W.2d 620, 620 (Tex. Crim. App. 1992); *Danziger v. State*, 786 S.W.2d 723, 724 (Tex. Crim. App. 1990); *see also Ex parte Morgan*, 335 S.W.2d 766, 766 (Tex. Crim. App. 1960) (appeal from denial of pre-trial bail mooted by subsequent conviction). Because Campbell was convicted on both charges at issue in these appeals and is no longer subject to pre-trial confinement, the appeals are moot.

## Conclusion

We dismiss the appeals as moot.

Russell Lloyd
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).

3