**AFFIRM; and Opinion Filed August 15, 2018.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-17-00875-CR**

**MICHAEL SHANE ALLGOOD, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 16-40075-422-F**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Boatright
Opinion by Justice Boatright

Michael Shane Allgood appeals the trial court's judgment convicting him of evading arrest or detention while using a motor vehicle. A jury found Allgood guilty, found two enhancement paragraphs to be true, and assessed Allgood's punishment at sixty years of imprisonment. Allgood raises eight issues on appeal, arguing that: (1) the evidence is insufficient to support his conviction; (2) his motion for new trial and his bond reduction writ should have been granted; (3) the jury should have been instructed on the lesser-included offense of evading arrest on foot; (4) evidence of extraneous offenses should not have been admitted; and (5) he was not sentenced properly. We affirm.

## BACKGROUND

Ulises Rios testified that on August 19, 2016, he awoke to discover that his pickup truck was missing. He contacted the Kaufman Police Department to report the truck stolen. That night while he was driving in Kaufman, he saw his truck. He did not know the person driving the truck, but he could see that there were three people in the truck and the driver was wearing a Dallas Cowboys shirt. Rios called the Kaufman Police Department and was transferred to the sheriff's department dispatcher. He also started following his truck. The driver of Rios's truck sped away, at times reaching speeds of one hundred miles per hour. While following the truck, Rios provided the dispatcher with directions for the route they were taking. Rios chased his truck onto Highway 175 toward Crandall. The truck exited the highway at Crandall, ran a stop sign, and continued on the service road.

Crandall police officer Joseph Riccelli received notice of the truck chase from the sheriff's dispatcher and was waiting on the shoulder of Highway 175. As the truck passed, Officer Riccelli followed, turning on his patrol car lights and siren. The truck did not slow down. The truck raced through a daycare parking lot, through an elementary school parking lot, crossed a road, and then drove through a field until it went airborne. It came to a stop in a church parking lot with a broken front axle and three damaged tires.

According to Officer Riccelli, the driver's door opened, and then someone jumped out and ran toward the field. Officer Riccelli said he could see that the person running was wearing a jersey and dark pants. Officer Riccelli held the two passengers until Crandall Police Sergeant Ivan Elizarraras arrived and placed them under arrest. Officer Riccelli radioed Crandall Police Officer Aaron Woolverton that a white male wearing a jersey and black pants was evading on foot. In response to Officer Riccelli's call, Officer Woolverton drove his patrol car to a cross-street to

establish a perimeter on the field. Officers Riccelli and Woolverton then entered the field on foot and found Allgood lying in a drainage ditch full of water, with only his face above the water. Allgood was wearing a blue-and-white Dallas Cowboys jersey and dark jeans. He had one shoe on; the other shoe was found in the mud, pointing away from the truck and toward the direction where Allgood was found. When the officers brought Allgood back to the truck, Rios told the officers that Allgood was the man he saw driving his truck.

Allgood was indicted for the offense of evading arrest or detention while using a motor vehicle. A jury found Allgood guilty. Although the indictment included three enhancements, the State abandoned the third enhancement during the trial. Allgood pled not true to the remaining two enhancements. The jury found both enhancement paragraphs to be true and sentenced Allgood to sixty years in prison. Allgood filed a motion for new trial, which the trial court denied. Allgood then filed this appeal.

## DISCUSSION

### *Motion for New Trial*

In his first issue, Allgood asserts that the trial court erred by denying his motion for new trial. In his motion, he urged that the State should not have charged the offense of evading arrest or detention with a vehicle as a third-degree felony. He claimed that under Texas Penal Code section 38.04(b)(2), the offense is a state-jail felony if the defendant has not previously been convicted of the same offense or if his flight does not cause serious bodily injury. After a hearing, the trial court denied Allgood's motion.

A person commits the offense of evading arrest or detention if he intentionally flees from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him. TEX. PENAL CODE ANN. § 38.04(a) (West 2016). Subsection (b) establishes the offense level as a Class A misdemeanor, except under certain circumstances, such as when the person has

been previously convicted of evading arrest or detention or uses a vehicle or watercraft while in flight. *Id*. § 38.04(b). It is the application of those circumstances that is at issue in this case.

During the 2011 legislative session, section 38.04 was amended multiple times, resulting in two different punishment schemes. Both punishment schemes are codified in section 38.04(b)(2)(A). One scheme classifies the offense as a third degree felony where the actor uses a motor vehicle or watercraft in fleeing law enforcement and has been previously convicted under section 38.04. Act of May 23, 2011, 82nd Leg., R.S., ch. 391, § 1, 2011 Tex. Gen. Laws 1046, 1046–47 (current version at TEX. PENAL CODE ANN. § 38.04(b)(2)(A)), and Act of May 24, 2011, 82nd Leg., R.S., ch. 839, § 4, 2011 Tex. Gen. Laws 2010, 2011 (current version at TEX. PENAL CODE ANN. § 38.04(b)(2)(A)). The other version of the punishment scheme makes evading arrest or detention a third degree felony where the actor uses a vehicle while in flight, regardless of his having been previously convicted of the offense. Act of May 27, 2011, 82nd Leg., R.S., ch. 920, § 3, 2011 Tex. Gen. Laws 2321, 2322 (current version at TEX. PENAL CODE ANN. § 38.04(b)(2)(A)).

In *Adetomiwa v. State*, 421 S.W.3d 922 (Tex. App.—Fort Worth 2014, no pet.), our sister court analyzed this issue of conflicting statutory provisions regarding the offense level for this crime when the accused uses a vehicle in flight. The court noted that "if amendments to the same statute are enacted at the same session, one making no reference to the other, they shall be harmonized, if possible, to give effect to each." *Id*. at 926. (citing TEX. GOV'T CODE ANN. § 311.025(b) (West 2013)). The court determined that because each amendment made substantive changes that the other did not, the amendments were capable of being "harmonized." *Id*. at 927. The court then concluded that "harmonizing all three amendments to give effect to each, Senate Bill 1416 amended the punishment scheme of section 38.04 to provide that evading arrest is a third degree felony if the actor uses a vehicle in flight." *Id*. The court concluded that the offense of

–4–

evading arrest or detention is a third degree felony when the defendant uses a vehicle in the flight, irrespective of prior convictions. *Id.*

We agree with our sister court. This Court previously considered this issue in *Jackson v. State*, and we reached the same conclusion. Nos. 05-15-00414-CR & 05-15-00415-CR, 2016 WL 4010067, at * 7 (Tex. App.—Dallas July 22, 2016, no pet.). The offense of evading arrest or detention, when the accused uses a motor vehicle in his flight, is a third degree felony, regardless of whether the accused has a prior conviction for evading arrest or detention. Thus, Allgood's complaint that he should have been charged with a state-jail felony is without merit.

A trial judge has the authority to grant a new trial "in the interest of justice," and "justice" means in accordance with the law. *State v. Herndon*, 215 S.W.3d 901, 906–07 (Tex. Crim. App. 2007). We review a trial court's denial of a motion for new trial for an abuse of discretion, reversing only if no reasonable view of the record could support the trial court's ruling. *Burch v. State*, 541 S.W.3d 816, 820 (Tex. Crim. App. 2017). We uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Id.* In this case, Allgood did not demonstrate that he was entitled to a new trial under the law because the offense was correctly charged as a third degree felony. *Herndon*, 215 S.W.3d at 907. The trial court did not abuse its discretion when it denied Allgood's motion for new trial. We overrule Allgood's first issue.

***Pre-trial Bail Reduction***

In his second issue, Allgood complains that the trial court erred by denying his application for writ of habeas corpus seeking bail reduction. However, once Allgood was convicted of the offense of evading arrest or detention, and his punishment was assessed at imprisonment for sixty years, his complaint pertaining to pre-trial confinement due to the denial of bail reduction became moot. *Danziger v. State*, 786 S.W.2d 723, 724 (Tex. Crim. App. 1990). We overrule Allgood's second issue.

### Sufficiency of the Evidence

In issues three, four, and five, Allgood challenges the factual sufficiency of the evidence to support his conviction; however, the factual sufficiency standard was eliminated in *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). The legal sufficiency standard in *Jackson v. Virginia,* 443 U.S. 307 (1979) is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Id.* Accordingly, we view all of the evidence in the light most favorable to the verdict to determine whether any rational fact finder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319. We defer to the trier of fact to "fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017).

With respect to each issue, Allgood briefly states the evidence he contends is missing, provides a citation to the record, states the standard of review, and provides a single case citation for the standard of review. Based on the evidence that Allgood contends was missing, it appears that Allgood disputes that he was the driver of the truck. In his third issue, Allgood states "arresting officer testified the defendant was not behind the wheel of vehicle when apprehended." His record citation refers to a bench conference, outside the presence of the jury, pertaining to the admissibility of evidence that the truck was stolen. The evidence supports Allgood's assertion that he was not behind the wheel of the truck when he was apprehended. However, Allgood's physical location when he was apprehended was irrelevant to his conviction. In *Hobbs v. State*, the Texas Court of Criminal Appeals determined that a defendant's actions in abandoning his vehicle and continuing to flee on foot constituted a continuing offense of evading arrest. 175 S.W.3d 777, 779 (Tex. Crim. App. 2005).

In his fourth issue, Allgood states that there were two other people in the vehicle and the arresting officer did not see who was operating the vehicle. His record citation refers to Officer Riccelli's testimony that he was the arresting officer. However, Officer Riccelli also testified that he saw the driver, who was wearing a jersey and dark pants, exit the truck and run into a nearby field. Officer Riccelli then radioed Officer Woolverton and gave him a description of the driver of the truck. Officer Riccelli testified that the other two people in the truck were passengers and that he held them at gunpoint until Sergeant Elizarraras arrived to take them into custody. Officers Riccelli and Woolverton found Allgood in a drainage ditch in the field, wearing a blue-and-white Dallas Cowboys jersey and dark jeans. Allgood's missing shoe was found in the mud, pointing away from the truck and toward the ditch where he was found. Rios testified that the person driving his truck was wearing a blue-and-white Dallas Cowboys jersey. When the officers brought Allgood back to the truck, Rios told them that Allgood was the person he saw driving his truck.

In his fifth issue, Allgood states that his fingerprints were not discovered in the truck. His record citation refers us to testimony from Sergeant Elizarraras that no fingerprints were taken from the truck because the Crandall Police Department did not have the equipment to do so at that time. However, Allgood fails to provide any argument or cite any authority holding that the presence or absence of fingerprints in or on the truck would in any way tend to exculpate him from the charged offense.

In sum, the evidence was sufficient to support the jury's conclusion that Allgood was the driver of the truck and committed the offense of evading arrest or detention while using a vehicle. We overrule Allgood's third, fourth, and fifth issues.

### Lesser-Included Offense

In his sixth issue, Allgood contends that the trial court erred by failing to instruct the jury on the lesser-included offense of Class A misdemeanor evading arrest on foot. However, because

Allgood did not request this instruction or object to its omission from the charge, he has failed to preserve this complaint for review. *Kinnamon v. State*, 791 S.W.2d 84, 96 (Tex. Crim. App. 1990), *overruled on other grounds by Cook v. State*, 884 S.W.2d 485, 491 (Tex. Crim. App. 1994). We overrule Allgood's sixth issue.

### *Admissibility of Evidence*

In his seventh issue, Allgood argues that the trial court should not have allowed Rios to testify that he owned the truck that Allgood was driving during the offense. During trial, defense counsel objected to the admissibility of this evidence, arguing that it was evidence of an extraneous offense—stealing the truck—and should be excluded under Rule 404(b) of the Texas Rules of Evidence. In response, the State argued that the evidence was admissible to prove Allgood's identity and to prove Allgood's motive for evading the police. The trial court overruled Allgood's objection.

We examine a trial court's decision to admit or exclude evidence for an abuse of discretion. *Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016). A trial court abuses its discretion when its decision falls outside the zone of reasonable disagreement. *Id*. The Texas Rules of Evidence prohibit the admission of extraneous offenses to prove a defendant's character or to show that the defendant acted in conformity with that character. TEX. R. EVID. 404(b). But extraneous offenses may be "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id*. In *Marron v. State*, our sister court found that testimony that a car was stolen was relevant to show appellant's motivation for attempting to evade detention. No. 01-02-00601-CR, 2003 WL 1938210, *5 (Tex. App.—Houston [1st Dist.] Apr. 24, 2003, no pet.) (mem. op., not designated for publication). We likewise conclude that in this case, the trial court did not abuse its discretion in admitting Rios's

testimony to show Allgood's motive in attempting to evade arrest or detention. We overrule Allgood's seventh issue.

***Enhancement Paragraphs***

In his eighth issue, Allgood contends that his sentence is erroneous because the enhancement paragraphs in the indictment were defective. He complains that the first enhancement paragraph is defective because it lists an April 7, 2009 conviction in Van Zandt County. He states that the original judgment date was April 5, 2009.

During the punishment phase of trial, a copy of this judgment was admitted as State's exhibit seven. On the judgment, in the blanks following the words "Date Judgment Entered," "Date Sentence Imposed," and "Date Sentenced to Commence," the date "April 5, 2009" was typed, then that date was crossed out and replaced by a handwritten "April 7, 2009." At the end of the judgment, "April 5, 2009" was typed in the blanks following the words "Signed and entered on." Again, the typed "April 5, 2009" was crossed out and replaced by a handwritten "April 7, 2009." The judgment was file-stamped on April 7, 2009. At trial, Allgood did not object that the handwritten alteration of the date rendered the judgment defective. The record reflects that he did not object to the judgment or to the first enhancement paragraph. As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely objection that stated the grounds for the ruling the complaining party sought from the trial court with such specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. TEX. R. APP. P. 33.1(a). We conclude that Allgood has not preserved any complaint regarding the first enhancement.

With respect to the second and third enhancement paragraphs, Allgood complains that the paragraphs have the same conviction dates and should be counted as a single enhancement. The record demonstrates that the State abandoned the third enhancement paragraph during trial and

before sentencing. The jury only considered the first and second enhancement paragraphs during sentencing. Therefore, Allgood's complaint regarding the third enhancement paragraph is moot. We overrule Allgood's eighth issue.

## CONCLUSION

Having resolved all of Allgood's issues against him, we affirm the trial court's judgment.

/Jason Boatright/
JASON BOATRIGHT
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

170875F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

MICHAEL SHANE ALLGOOD, Appellant

No. 05-17-00875-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 422nd Judicial District Court, Kaufman County, Texas
Trial Court Cause No. 16-40075-422-F.
Opinion delivered by Justice Boatright.
Justices Bridges and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 15th day of August, 2018.