# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00634-CR

---

## Ex parte Angel Rey Perez

---

### FROM THE 433RD DISTRICT COURT OF COMAL COUNTY
### NO. C2022-1690X, THE HONORABLE DIB WALDRIP, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Angel Rey Perez seeks to appeal the trial court's denial of his pretrial application for writ of habeas corpus challenging the amount at which his bond was set. *See* Tex. Code Crim. Proc. arts. 11.08, 11.24. Perez was charged with five counts of smuggling of persons with a firearm, and bond was set at $100,000 for each count. *See* Tex. Penal Code § 20.05(b)(1)(D).

On January 4, 2023, the State filed an amended motion to dismiss[1] the appeal as moot, asserting that while the appeal was pending, Perez was convicted and sentenced pursuant to a plea agreement. At this Court's direction, the district clerk filed a supplemental clerk's record containing judgment forms reflecting that Perez had pleaded guilty and had been sentenced to ten years' confinement for each count. Because Perez has been convicted and sentenced, he is no longer subject to pretrial confinement, and his appeal challenging the amount

---

[1] Although the State titled its motion "Motion to Dismiss Appeal—Supplemental," we construe it as an amended motion to dismiss. The motion was substantively identical to the State's earlier "Motion to Dismiss Appeal" but included copies of Perez's judgment forms, which the State asserts were not yet available at the time it filed the original motion.

of pretrial bond has been rendered moot. *See Ex parte Tucker*, 3 S.W.3d 576, 576 (Tex. Crim. App. 1999); *Danziger v. State*, 786 S.W.2d 723, 724 (Tex. Crim. App. 1990); *Armendarez v. State*, 798 S.W.2d 291, 291 (Tex. Crim. App. 1990); *Oldham v. State*, 5 S.W.3d 840, 846 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd); *Ex parte Valero*, No. 03-16-00859-CR, 2017 WL 3897264, at *1 (Tex. App.—Austin Aug. 24, 2017, no pet.) (mem. op., not designated for publication). Accordingly, we grant the State's amended motion and dismiss the appeal as moot. Any additional pending motions are likewise dismissed as moot.

_____
Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Dismissed as Moot

Filed: February 28, 2023

Do Not Publish