

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-25-00329-CR

---

Devoris Antoine Newson, Appellant

v.

The State of Texas, Appellee

---

On Appeal from the 346th District Court
El Paso County, Texas
Trial Court No. 20240D01344

---

## MEMORANDUM OPINION

Appellant, Devoris Antoine Newson, filed a pretrial application for writ of habeas corpus on November 7, 2025. Subsequently, Newson filed a notice of appeal stating that he was appealing "the trial court's verbal denial of [his] 17.151 Pretrial writ . . .." We dismiss this attempted appeal for want of jurisdiction.

In a habeas proceeding, "a trial court's oral pronouncement is not appealable until a written order is signed." *Ex parte Perez*, No. 14-13-01048-CR, 2014 WL 4416011, at \*1 (Tex. App.—Houston [14th Dist.] Sept. 9, 2014, orig. proceeding) (mem. op., not designated for publication); *see State v. Sonavongxay*, 407 S.W.3d 252, 258–59 (Tex. Crim. App. 2012) (holding that a notice of appeal invokes the appellate court's jurisdiction "over all parties to the trial court's judgment or order appealed from," that an order must be in writing, and that with no written order from which to appeal, the court of appeals lacked jurisdiction); *State v. Wachtendorf*, 475 S.W.3d 895, 904 (Tex. Crim. App. 2015) ("It is true, of course, that the trial court's oral pronouncements on the record do not constitute appealable orders."). A written order is a prerequisite to invoking this Court's jurisdiction in a habeas proceeding. *See Perez*, 2014 WL 4416011, at \*1; *State v. Nassour*, 706 S.W.3d 627, 633 (Tex. App.—Austin 2024, pet. dism'd) (per curiam); *Ex parte Wiley*, 949 S.W.2d 3, 4 (Tex. App.—Fort Worth 1996, no writ). The record in this case does not, however, contain a written order on Newson's pretrial application for writ of habeas corpus.

Moreover, a pretrial application for writ of habeas corpus is rendered moot when the applicant is tried on the offense for which the applicant was being held. *See Ex parte Tucker*, 3 S.W.3d 576 (Tex. Crim. App. 1999) (en banc) (per curiam) ("The appellant have[] been tried during the pendency of this appeal, the question of his pre-trial bond is moot."); *Danziger v. State*, 786 S.W.2d 723, 724 (Tex. Crim. App. 1990) (en banc) (holding that habeas applicant's complaint under Article 17.151 of the Texas Code of Criminal Procedure had been rendered moot when the applicant was convicted of the offense for which he was being held); *Lopez v. State*, 672 S.W.3d 915, 926 (Tex. App.—Corpus Christi–Edinburg 2023, pet. ref'd) ("An appeal from the denial of a pretrial writ of habeas corpus seeking bail reduction is rendered moot if the defendant is tried and convicted."). Here, the record shows that Newson, after filing his pretrial habeas application,

entered into a plea bargain agreement with the State, pursuant to which he pleaded guilty and was sentenced to a term of incarceration by the trial court.

Because no written order appears in the record and because Newson has been tried for and convicted of the offense for which he was being held, we issued an order on March 6, 2026, requiring Newson to show cause in writing, by March 26, 2026, why this appeal should not be dismissed for want of jurisdiction. Despite submitting several filings, Newson has not filed a response showing that this Court has jurisdiction over this appeal.

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.


GINA M. PALAFOX, Justice

April 24, 2026

Before Palafox and Soto, JJ., Benavides, J. (Senior Judge)
Benavides, J. (Senior Judge), sitting by assignment

(Do Not Publish)